## D. T. CORMIER *vs.* OSSIAN H. BROCK.

Middlesex.    January 11, 1912. — June 18, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DeCOURCY, JJ.

*Practice, Civil,* Amendment. *Contract,* Implied in law: common counts. *Interest.*

Under R. L. c. 173, §§ 48, 52, the Superior Court may allow a suit in equity originally brought as an action at law, and changed by amendment into such suit, to be amended again into an action at law, with an appropriate change of parties, "to enable the plaintiff to sustain the action or suit for the cause for which it was intended to be brought."

A contractor, who is unable to show complete performance of a building contract, may be found to be entitled to recover on a *quantum meruit* on the finding of an auditor that the plaintiff had endeavored in good faith to perform his contract and substantially had done so, although the auditor allowed the defendant a number of deductions on account of variations and omissions and inferiority of work and material.

An action at law on a building contract, made by the plaintiff's assignor with the defendant, was amended into a suit in equity to compel the architect to give a final certificate for the balance due on the contract and to reach the interest of the defendant in a certain partnership, and afterwards such suit was amended back into an action at law on a *quantum meruit* to recover the money earned by a substantial performance of the contract, striking out all the defendants except the original defendant and substituting for the name of the assignee as plaintiff the name of his assignor, suing for the benefit of the assignee. On evidence warranting such a finding it was found by a judge, who heard the case without a jury, that the plaintiff had shown a substantial performance of the contract and was entitled to recover on the *quantum meruit*. *Held,* that the plaintiff was entitled to interest from the date of the writ in the original action at law, the cause of action having been the same throughout, and the suing out of the writ having operated as a demand for the sum that finally was found to be due.

MORTON, J. The first question is whether after the case of Dix *v.* Brock had been amended from an action at law into a bill in equity the Superior Court had authority to allow it to be amended back again into an action at law, substituting the name of Cormier, the assignor of Dix, for that of Dix as plaintiff, and striking out all of the defendants except Ossian H. Brock. The action as originally brought was an action at law upon a building contract entered into between Cormier, the assignor of Dix, and the defendant Ossian H. Brock. After the action was entered the plaintiff Dix moved to amend it into a bill in equity for the purpose of reaching the defendant Brock's interest in the partnership of Brock Brothers, of which he was a member, and of compelling the architect to give a final certificate of the balance due under the building contract. With Ossian H. Brock there were joined as defendants in the writ that was originally sued out, his brothers Halliburton D. and Frank E. Brock, the architect Harry D. Joll and the mortgagees Edward Jackson and Charles Almy. The Charles River National Bank and the Cambridge Safety Deposit and Trust Company were summoned as trustees. The motion to amend was allowed and the pleadings completed, and the case went to a master. The master found that the architect was justified in refusing a final certificate because of variations from the contract, but he also found that the plaintiff was entitled to recover on the contract the fair value of the labor and materials furnished. He further found that Brock had sufficient property so that it would be unnecessary to resort to his interest in the partnership. The defendant Brock, whom we shall speak of as the defendant,

filed exceptions to the master's report. These were sustained, and the bill was ordered to be dismissed "unless within twenty days the plaintiff files a motion to change to an action at law in the name of Cormier as plaintiff, for the benefit of Dix with the assent of Cormier, and said motion is allowed." A motion was duly filed and an interlocutory decree was entered "allowing Dix 'to amend said suit in equity into an action at law upon a *quantum meruit* against the principal defendant, Ossian H. Brock, in the name of D. T. Cormier for the benefit of Dix, upon condition that the bill be dismissed as to all the defendants except Ossian H. Brock, and that on or before July 15, 1907, the plaintiff file his declaration in said cause; that the plaintiff recover no costs to date if he finally prevails in the action at law, and for the payment of costs to the other defendants.'" The decree thus entered was complied with. An auditor was appointed, who after due hearing found in favor of the plaintiff in the sum of $950.05, and in favor of the defendant on a declaration in set-off in the sum of $95.50.

We think it plain that the Superior Court had authority to allow the amendment. The cause of action was the same throughout, namely, What, if anything, the defendant owed Cormier by reason of the building contract which had been entered into between them, and which Cormier alleged had been substantially performed by him. In declaring on the contract and later on a *quantum meruit,* and in amending into equity, this was the cause of action which the plaintiff was seeking to enforce. The court had full power to allow the amendment from equity back again into law and also to allow the amendments as to parties, " to enable the plaintiff to sustain the action or suit for the cause for which it was intended to be brought." R. L. c. 173, §§ 48, 52. See *George* v. *Reed,* 101 Mass. 378.

The next question is whether the plaintiff is entitled to recover upon a *quantum meruit.* The auditor in dealing with the question whether the contract had been substantially and in good faith performed, sums up his findings as follows: "While I find that there were some unauthorized changes and omissions, I do not find that they were so inexcusable and important as to prevent the plaintiff from recovering on a *quantum meruit,* making due allowance to the defendant for omissions, changes, and inferiority of material and workmanship." We construe this to mean, when taken in connec-

tion with other parts of the auditor's report, that the plaintiff had endeavored in good faith to perform his contract and had substantially done so. While the deductions allowed to the defendant on account of variations and omissions and inferiority of work and material are quite numerous, we cannot say as matter of law that the finding by the auditor that the contract had been substantially performed was not warranted. It is to be noted that the master in the equity suit must have come to the same conclusion as the auditor, since he found that the plaintiff was entitled to recover the fair value of the labor and materials furnished.

The last question is whether the plaintiff is entitled to interest from the date of the writ, or from the date of amending from equity back into law, or from the date of the filing of the auditor's report. The court ruled that he was entitled to interest from the date of the writ, and we think that the ruling was correct. The cause of action being the same throughout, the suing out of the writ operated as a demand for the payment of the sum that was finally found to be due. *Jackson* v. *Brockton,* 182 Mass. 26. *Quin* v. *Bay State Distilling Co.* 171 Mass. 283.

In accordance with the terms of the report * the entry must be, judgment for the plaintiff Cormier for the benefit of Dix, for $950.05, with interest from December 30, 1903, and for the defendant Brock on his declaration in set-off for $95.50, with interest from December 30, 1903.

*So ordered.*

F. J. *Carney,* (J. M. *McCarthy* with him,) for the defendant.
G. M. *Nay,* for the plaintiff.

---

* The writ in the original action at law was dated December 30, 1903. The amendment into a bill in equity was allowed on February 5, 1904. The case was referred to Henry H. Winslow, Esquire, as master, and was heard on exceptions to the master's report by *Gaskill,* J., who on January 10 and 18, 1907, made the order and interlocutory decree described in the opinion. After amendment into an action at law in compliance with that decree the case was referred to Albert F. Converse, Esquire, as auditor. After the filing of the auditor's report the case was heard by *Fox,* J., who found for the plaintiff in accordance with the findings of the auditor, and reported the case for determination by this court.