AUBREY Z. GOODFELLOW, administrator, *vs.* LAMBERT H. FARNHAM & another.

Worcester.   September 26, 1921. — October 11, 1921.

Present: RUGG, C. J., DE COURCY, PIERCE, CARROLL, & JENNEY, JJ.

*Bills and Notes*, Demand, Consideration.   *Practice, Civil*, Ordering of verdict. *Trust*, What constitutes.

At the trial of an action by the administrator of the estate of the payee against the maker of a promissory note reading as follows, "On demand after date I promise to pay to the order of Ann Maria Sprague One thousand Dollars with interest at 8% per annum. In case of Mrs. Sprague's decease, the principal to be kept as a fund for the Baptist Society at Westminster, Mass., interest to go to Theodosia Miles Whitman; and in case of her decease, interest to go to said Baptist Society," the payment of a consideration for the note and its execution and delivery were admitted. It appeared that no demand for payment of the note ever was made before the action was brought and that no payment on account thereof had been made. A verdict for the plaintiff was ordered. *Held*, that the verdict properly was ordered.

No question having been raised as to the disposition of the proceeds of the note above described in the hands of the plaintiff, it *was stated* that it could not properly be decided in the action above described whether such proceeds will be a part of the general estate of Mrs. Sprague, or will be impressed with a trust.

CONTRACT by the administrator of the estate of Ann Maria Sprague, the payee of two promissory notes for the amounts of $1,000 and $400, respectively, against the makers, the notes being, except for their amounts, of the following tenor:

"On demand after date I promise to pay to the order of Ann Maria Sprague . . . Dollars with interest at 8% per annum. In case of Mrs. Sprague's decease, the principal to be kept as a fund for the Baptist Society at Westminster, Mass., interest to go to Theodosia Miles Whitman; and in case of her decease, interest to go to said Baptist Society." Writ dated March 19, 1919.

The action previously was before this court when, upon an appeal from a judgment entered for the defendants after demurrers

to the declaration were sustained, the judgment was reversed and the demurrers were overruled by a decision reported in 236 Mass. 453.

The action then was tried upon its merits before *Hall,* J. Material evidence is described in the opinion. At the close of the evidence, the judge denied a motion of the defendants that verdicts be ordered in their favor and ordered a verdict for the plaintiff in the sum of $1,737.85; and the defendants alleged exceptions.

The case was submitted on briefs.

*F. A. Crafts & F. J. Roche,* for the defendants.

*J. A. Stiles & A. Z. Goodfellow,* for the plaintiff.

JENNEY, J. It already has been decided that the declaration sets forth good causes of action, and that the promises to pay contained in the notes sued upon were absolute and unconditional. *Goodfellow* v. *Farnham,* 236 Mass. 453.

At the trial, the defendants admitted that the plaintiff's intestate, Ann Maria Sprague, paid to them $1,400, and that the notes were signed and delivered to her by them on the same day and in consideration of that amount. The payee never made any demand for payment, and nothing has ever been paid upon the notes. The defendants also conceded that, if the plaintiff was entitled to a verdict, there was due $1,737.85.

The defendants moved that a verdict be ordered in their favor, and excepted to the refusal of the trial judge so to do. The judge ordered a plaintiff's verdict for $1,737.85.

The exception must be overruled. The consideration, execution and delivery of the notes were admitted; the promises to pay contained therein were unconditional; and demands were not necessary to charge the defendants, who were primarily liable on the instruments. R. L. c. 73, §§ 18, 87. G. L. c. 107, §§ 23, 93. *Burnham* v. *Allen,* 1 Gray, 496. *Farmers National Bank of Annapolis* v. *Venner,* 192 Mass. 531.

The defendants' contention that their obligation to pay the notes has terminated, because no demands for payment were made in the lifetime of the payee and the notes were not transferred by her, cannot be sustained. It is based on the provisions of the notes relative to the disposition of principal and interest after Mrs. Sprague's death, and it is concluded by the former decision

which in effect held that the notes on their face contained promises to pay to the payee named therein, which the plaintiff as her administrator could enforce.

No question now arises as to the disposition of the proceeds of the notes when in the hands of the plaintiff. It cannot now properly be decided whether such proceeds will be a part of the general estate of Mrs. Sprague, or will be impressed with a trust.

*Exceptions overruled.*