STAR BREWING COMPANY *vs.* FRANK J. HIGGINS,
administrator.

Suffolk.   March 19, 1924. — April 8, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Bills and Notes*, What constitutes.   *Practice, Civil*, Exceptions.

An instrument, signed by an individual, by which he promised to pay to a
corporation a certain sum of money in monthly instalments on the
seventeenth day of each month, and agreed that on failure to pay any
instalment with accrued interest " the balance unpaid upon the prin-
cipal of this note, together with any other sums due . . . [the payee],
however incurred, shall be and become at once due and payable with
interest thereon . . . at the option of the payee," and also agreed that
it was " understood and agreed that should any money be loaned on
account of the renewal of license that the same shall be repaid prior to
the principal of this note and will not affect the responsibility of the
endorser," is a promissory note in accordance with the provisions of
G. L. c. 107, §§ 23, 24.

*Whether* the above promissory note was made nonnegotiable by the agree-
ment therein relating to money loaned on account of the renewal of a
license, was immaterial in an action by the payee against one who for
valuable consideration, before a delivery of the note, had signed it as
an indorser.

An exception to a refusal by a trial judge to rule that " On all the evidence
the plaintiff is not entitled to recover " must be overruled where the
record does not disclose what the evidence was.

CONTRACT against the administrator of the estate not
already administered of William J. Higgins for a balance of
$5,800 and interest alleged to be due upon a promissory note.
Writ dated March 17, 1916.

The note was payable to the plaintiff and was signed as
makers by Martin J. O'Toole and Delia O'Toole.   It was
indorsed for valuable consideration by the defendant's in-
testate before its delivery to the plaintiff.   It provided for
the payment to the plaintiff of $11,000 in monthly instal-
ments on the seventeenth day of each month beginning
December 17, 1909.   It also contained the following pro-
visions on its face:

" On failure to pay any instalment with accrued interest

thereon at the rate of five per cent per annum on the day when such instalment becomes due, the balance unpaid upon the principal of this note, together with any other sums due said Star Brewing Company, however incurred, shall be and become at once due and payable with interest thereon at the rate of five per cent per annum at the option of the payee.

" Payable at any bank in Boston.

" It is understood that only half of all money paid on this note shall be applied to extinguish the responsibility of the endorser.

" It is also understood and agreed that should any money be loaned on account of the renewal of license that the same shall be repaid prior to the principal of this note and will not affect the responsibility of the endorser.

" Demand and notice are hereby waived by all parties to this instrument."

In the Superior Court, the action was tried before *Cox,* J. Material evidence is described in the opinion. At the close of the evidence, the defendant asked for the following rulings:

" 1. On all the evidence the plaintiff is not entitled to recover.

" 2. The instrument declared on in the plaintiff's declaration is not a negotiable promissory note.

" 3. The instrument declared on in the plaintiff's declaration is not a nonnegotiable promissory note."

The rulings were refused. The jury found for the plaintiff in the sum of $4,784.58. The defendant alleged exceptions.

*J. P. Walsh,* for the defendant, submitted a brief.

*E. W. Crawford,* for the plaintiff.

WAIT, J. The instrument declared on as a promissory note possessed the necessary requirements. It is in writing, signed by the maker. It contains an unconditional promise to pay a certain amount at fixed times to a certain person or order. G. L. c. 107, § 23. That it is payable on instalments and on the failure to pay one instalment the whole becomes due, does not destroy its character. G. L. c. 107, § 24. Whether it is made nonnegotiable by the separate agreement which it contains in regard to money loaned on

account of the renewal of a license, G. L. c. 107, § 27, is immaterial; because the action is brought by the original payee against the estate of the original indorser who indorsed it before delivery. *Cherry* v. *Sprague,* 187 Mass. 113. See *Goodfellow* v. *Farnham,* 236 Mass. 453, and 239 Mass. 590.

The exception to the refusal to give the first request must be overruled, because the evidence is not in the bill of exceptions before us.

The exception to the refusal to give the second and third requests must be overruled, because the requests are immaterial.

The exception to the instruction that the instrument was a promissory note must be overruled, because, as here decided, the instruction was right.

This disposes of all the exceptions.

*Exceptions overruled.*