THOMAS E. WHITTAKER *vs.* EASTERN STATES ENGINEERING CORPORATION.

Suffolk. November 7, 1929. — December 30, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Contract*, What constitutes, Validity, Implied.

At the trial of an action of contract in a municipal court against a corporation upon an account annexed for the value of furniture sold and delivered, money advanced and money loaned, the plaintiff contended and testified that he conveyed an interest in certain furniture and paid cash to the defendant under an agreement whereby he should have an

option to purchase stock of the corporation, that he never exercised his option to purchase stock and that no stock was ever offered, tendered or issued to him except a certificate for one share which afterwards was surrendered and cancelled.   Evidence of the defendant was to the effect that the corporation was organized at the suggestion of the plaintiff, who was to take half of its stock issue at $2,500; that, after organization, the interest in the furniture was conveyed and the cash described in the account annexed was paid to the corporation; that the plaintiff was an officer of the corporation and was at a meeting where shares of stock were voted to him in payment for the furniture; and that at no time before the commencement of the action had the plaintiff contended that the payments of money were as loans to the corporation; that the treasurer of the corporation a number of times had offered the plaintiff capital stock for the money he had put in and that the plaintiff had not accepted it.   The trial judge found that the interest in furniture and the money, described in the account annexed, were paid to the defendant for stock and that there was an implied contract on the part of the corporation to deliver stock "when called for"; and found for the defendant.   *Held,* that

(1) The finding by the judge was warranted by the facts and inferences of fact rightly drawn;

(2) The inference was warranted from the corporate acts, without any direct evidence of the existence or terms of the contract, that the contract found by the judge was made subsequent to the organization of the corporation;

(3) Upon the facts found by the judge, G. L. c. 259, § 6, was not applicable;

(4) The finding for the defendant was warranted.

CONTRACT upon an account annexed for $450, "one half interest in furniture sold and delivered to the defendant"; cash advances of $400; $1,524, loans by check, and $242.15, interest.   Writ in the Municipal Court of the City of Boston dated March 12, 1928.

Material evidence in the Municipal Court is described in the opinion.   The plaintiff asked, among others, for the following rulings:

"1. Upon all the evidence the plaintiff is entitled to recover.

"2. If the defendant obtained money from the plaintiff, the defendant is liable to the plaintiff for the amount of money so obtained, unless such money was obtained from the plaintiff in payment of·a debt or as a gift, or as a payment on some obligation of the plaintiff."

"6. The defendant has the burden of proving by pre-

ponderance of the testimony that it gave to the plaintiff legal consideration for the money paid by the plaintiff to the defendant.

"7. Unless the moneys received by the defendant from the plaintiff was by way of gift or as payment for an obligation due from the plaintiff to the defendant, the defendant is liable, unless it sustains the burden of proving by preponderance of the testimony that it repaid to the plaintiff the moneys received by it.

"8. Upon all the evidence the defendant has failed to sustain the burden of proving repayment by it of the moneys received by the defendant from the plaintiff.

"9. Upon all the evidence the defendant has failed to sustain the burden of proving that the moneys received by it from the plaintiff were paid by the plaintiff for a valuable consideration.

"10. Upon all the evidence the defendant has failed to sustain the burden of proving by the preponderance of the testimony that the money received by it from the plaintiff was paid by the plaintiff in satisfaction of any legal obligation of the plaintiff."

"12. Upon all the evidence the only issue open to the defendant is the issue of payment.

"13. Evidence that the money was not given in payment of a debt from plaintiff to defendant nor as gift, nor for the use of the plaintiff, establishes prima facie that it was given as a loan.

"14. If the defendant received from the plaintiff certain office furniture in which the plaintiff had a half interest, the burden is on the defendant to show payment for such furniture."

"21. As the alleged agreement relied on by defendant to the effect that Whittaker was to purchase stock in the defendant corporation was alleged to have been made before the defendant corporation was organized, said alleged agreement is void under G. L. c. 259, § 6."

Of the foregoing requests the trial judge granted number 6, stating, "The legal consideration given is the promise to deliver the stock purchased by the plaintiff on his request."

He also granted request numbered 10, "if by 'legal obligation' is meant preëxisting obligation." He granted request numbered 8. He denied requests numbered 1, 7, 9, 12, 13, and 14. He denied request numbered 11, "as not applicable, for here there was an express promise to deliver stock for the money and furniture," and number 21, "as I don't find the facts on which it is based."

The judge also denied request number 2, "as not applicable to the facts. The money was paid by the plaintiff to the defendant not on a debt, or as a gift, or on any preëxisting obligation of the plaintiff to the defendant, but was paid for stock and created an obligation on the part of the defendant to deliver said stock to the plaintiff."

There was a finding for the defendant, and the case was reported to the Appellate Division. The report was ordered dismissed. The plaintiff appealed.

The case was submitted on briefs.

*M. M. Horblit, J. Wasserman, & B. Goldman,* for the plaintiff.

*R. E. Buffum,* for the defendant.

PIERCE, J. This is an action of contract on an account annexed to recover the sum of $2,374 and interest. The account annexed contains six items aggregating said amount. The answer is a general denial and payment. The case was heard by a judge of the Municipal Court of the City of Boston, who filed a "memorandum of rulings" in which he granted twelve requests of the plaintiff for rulings and denied nine others. The trial judge found for the defendant and reported the case to the Appellate Division for determination. The last named court made the entry "Report dismissed," and the case is before this court on "appeal from said final decision."

The first item was for $450, alleged to be due for a one-half interest in furniture sold and delivered to the defendant. The remaining items represented various sums of money alleged to have been advanced and loaned by the plaintiff to the defendant between January 1, 1925, and June 22, 1926, inclusive, and interest thereon from June 30, 1926, to date of writ. The evidence was conflicting.

The plaintiff testified "that he transferred his interest in said office furniture to the defendant corporation after its organization, at an agreed value of $450"; that he had delivered to the defendant on the respective dates set forth in the account annexed, the respective amounts therein referred to and had received no payment therefor; that it was agreed that said moneys were to be repaid to the plaintiff; that in consideration of said advances the plaintiff was to receive a share of the profits realized by the defendant corporation from certain transactions concerning properties located in Maine and New Hampshire, the amount of such share to be determined by one George A. Blaisdell. The defendant's counsel agreed that the defendant corporation received from the plaintiff in cash items two to six inclusive in the account annexed, on the respective dates therein mentioned, and item one in furniture as explained.

The plaintiff testified, in substance, that before the organization of the defendant corporation Blaisdell proposed to him that a corporation be organized for the purpose of engaging in the business of developing water power, the plaintiff and Blaisdell having prior thereto had considerable engineering experience in connection with such projects. On cross-examination, and in answer to questions asked by the judge, the plaintiff testified, in substance, that Blaisdell proposed that the plaintiff should purchase at par one half of the capital stock of the $5,000 worth proposed to be issued by the corporation to be organized; that he did not agree to purchase said stock but he and Blaisdell agreed that the plaintiff should have an option to purchase said stock after the corporation was organized. In direct examination he said that he never exercised his option to purchase stock and that no stock was ever offered, tendered or issued to him except a certificate numbered four for one share.

On the other hand, Blaisdell testified, in substance, that the plaintiff suggested to him that they form a corporation for the engineering business; that they agreed each would contribute $2,500 in cash for the necessary capital; that

a Massachusetts corporation was organized with an authorized capital stock of $25,000, $5,000 of which was to be issued, and the plaintiff and Blaisdell were each to take $2,500 worth; that there was an organization meeting held on November 5, and continued to December 23, 1924, when the plaintiff was duly elected president and director and Blaisdell was elected treasurer and director, and one Allen was continued as director and clerk; that after organization the plaintiff assigned to the corporation his interest in the office furniture referred to in the account annexed (which the articles of organization provided should be paid for by the issuance of six shares of stock); that the defendant corporation received from the plaintiff the respective amounts referred to in the account annexed to the declaration, on the respective dates therein mentioned; that no capital stock was ever issued to the plaintiff except for one share, certificate number four, which was surrendered and cancelled on December 21, 1925; that there was no vote of the stockholders or of the directors of the defendant corporation at any time referring to or authorizing the acceptance of an agreement by the plaintiff or by Blaisdell to purchase capital stock of the defendant corporation or authorizing the issuance to the plaintiff or to Blaisdell of capital stock, except as shown by the vote of the directors at a meeting on December 23, 1924, when the plaintiff was present and the following preamble and vote were passed: "Whereas, Thomas E. Whitaker and George A. Blaisdell are the owners of certain personal property, to wit: Two mahogany roll-top desks, two mahogany swivel desk chairs, three mahogany round-back office chairs, three leather cushions, one 12 x 15 art rug, one G. F. steel safe; and whereas said personal property is deemed desirable for the use of this Company, and said Whitaker and Blaisdell offer the same to it for six hundred dollars, payable in shares of the Company's stock at their par value, and the price is deemed reasonable, now therefore: Voted: That this Company accept said offer, and purchase said personal property upon the terms aforesaid, and upon receiving a transfer and bill of sale thereof in

due form, the officers are hereby authorized in payment therefor to issue said shares to them or their order." At the trial the defendant's counsel admitted that there was no repayment to the plaintiff of any of the amounts referred to in the declaration and that the defendant did not receive the office furniture or the money as a gift of the plaintiff to the defendant. Blaisdell further testified, in substance, that he had often talked with the plaintiff about putting in money, his payments being dilatory; that he had never heard until he heard the plaintiff so testify of any option to take stock or to get his (plaintiff's) money back; that the New England Power Company objected to the plaintiff and the plaintiff voluntarily said he would resign; that the plaintiff did not ask for any money when he resigned; that at that time Blaisdell started to make out his certificate of stock but the plaintiff said he thought he had better not take it on account of the claims of the New England Power Company and others; that at no time did the plaintiff request the return of the money he had paid in to the corporation, or, prior to the bringing of this suit, contend that the money had been a loan to the corporation; that he had a number of times offered the plaintiff capital stock for the money he had put in and the plaintiff had not accepted it.

Without further recital of the evidence, it is plain the trial judge was warranted in finding, as he did, that "The money was paid by the plaintiff to the defendant not on a debt, or as a gift, or on any preëxisting obligation of the plaintiff to the defendant, but was paid for stock and created an obligation on the part of the defendant to deliver said stock to the plaintiff." In the circumstances attending the organization of the defendant corporation, and considering the fact that the defendant was a close corporation, it is equally plain that the evidence and the inferences of fact which rightly could be drawn therefrom warranted the trial judge in finding that "there was an express [implied?] promise" of the defendant corporation "to deliver stock for the money and furniture" "when called for." This is not a case where the defence is a contract made before the or-

ganization of the corporation for its benefit, but one where the contract was made subsequent thereto and might be inferred from the corporate acts without any direct evidence of the existence or terms of the contract. *Proprietors of the Canal Bridge* v. *Gordon*, 1 Pick. 297, 304. *North Anson Lumber Co.* v. *Smith*, 209 Mass. 333.

Of the nine requests for rulings which were refused the plaintiff has argued six. Of these, those numbered one, two, seven, eleven and thirteen in substance seek a ruling that "Upon all the evidence the plaintiff is entitled to recover." As has been said above, the evidence was ample to warrant a finding that the directors of the defendant corporation understood that the plaintiff was paying his money and transferring his interest in the furniture to the defendant corporation in expectation of receiving shares of the corporation in return, and that the directors by a formal vote as to the transfer of the furniture expressed that understanding and agreement. Moreover, requests two, seven, eleven, thirteen, and fourteen are not applicable on the facts found, whatever may be their value as accurate statements of legal principles when applied to a different state of facts. *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 210 Mass. 8. *Hooper* v. *Cuneo*, 227 Mass. 37, 40. Request numbered twenty-one, based on G. L. c. 259, § 6, assumes, contrary to the facts found, that the contract express or implied of the defendant and plaintiff to sell or transfer the stock of the defendant to the plaintiff was void, because the corporation was not the owner or assignee of the stock at the time the contract was made. G. L. c. 259, § 6, is not applicable to the facts found, and request numbered twenty-one was denied rightly. *Wood* v. *Farmer*, 200 Mass. 209, 215.

Without further consideration of the many contentions of the plaintiff, all of which have been examined and analyzed, we are of opinion the trial judge committed no reversible error in the conduct of the trial, and that the order of the Appellate Division "Report dismissed" should be affirmed.

*So ordered.*