STANDARD OIL COMPANY OF NEW YORK *vs.* Y-D SUPPLIES COMPANY & others.

Suffolk.   November 14, 1934. — November 27, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Corporation,* Officers and agents: false certificate of condition. *Equity Jurisdiction,* To enforce liability of officers and directors of corporation. *Judgment. Equity Pleading and Practice,* Waiver of defence. *Statute,* Amendment.

The writ and declaration in an action at law against a corporation by a creditor to recover the amount of its indebtedness to him, where service of the writ was made upon it more than ten days before the creditor commenced a suit in equity against the corporation and its directors to enforce the individual liability of the directors under G. L. c. 156, § 36, constituted a "written demand" by the creditor upon the corporation for payment of the debt, required by § 38.

It *was stated* that, so far as such proceedings under §§ 36, 38, were concerned, the creditor's claim against the corporation remained substantially the same after being reduced to judgment in the action at law, so that the "written demand" made by the writ and declaration in the action at law previous to judgment was sufficient whether the suit in equity was founded on the original claim of the creditor or upon the judgment in the action at law, which was obtained before the commencement of the suit in equity.

Where the plaintiff in such suit in equity ignored the judgment in the action at law and relied on the corporation's original debt to him, which was less in amount than the judgment, and the defendant directors did not raise in the trial court the point that their liability could be established only upon the judgment, this court, the findings of fact having been in the plaintiff's favor, *held,* that the defendants were not harmed by the technical inaccuracy in the description of the plaintiff's claim against the corporation and that the plaintiff was entitled to relief without there being an amendment of the bill to base the plaintiff's claim to relief upon the judgment rather than the original debt.

Liability of directors of a corporation under G. L. c. 156, § 36, arising in 1930, was not affected by the enactment of St. 1931, c. 313, § 1, amending § 36.

BILL IN EQUITY, filed in the Superior Court on December 24, 1931, and afterwards amended.

The suit was referred to a master. The bill and material findings by the master are described in the opinion. By order of *J. J. Burns*, J., there were entered an interlocutory decree confirming the master's reports and the final decree described in the opinion. All parties appealed from the final decree.

*J. E. Hannigan*, (*A. M. McDonough* with him,) for the defendants.

*P. E. Troy*, (*F. J. Carney* with him,) for the plaintiff.

LUMMUS, J. The plaintiff is found to be a creditor of the defendant corporation in the sum of $3,667.31, with interest thereon from July 1, 1929, upon a debt contracted between November 1, 1928, and June 27, 1929, while the four individual defendants were directors of the defendant corporation. Each of them, in 1929 or 1930, signed one or more certificates of condition, which the master and the judge found to be false in some material representation which the defendants knew, or on reasonable examination could have known, to be false. The defendants do not contend that these findings were wrong. This bill was brought under G. L. (Ter. Ed.) c. 156, § 38, to enforce the statutory liability of the individual defendants for the debt of the corporation to the plaintiff.

The final decree established the liability of the individual defendants, except for the ruling "That the plaintiff has failed to establish a sufficient written demand upon the corporate defendant in accordance with the terms of G. L. c. 156, § 38," and dismissed the bill as against the individual defendants "without prejudice to the right of the plaintiff to bring another or similar bill if and when it shall have made such sufficient written demand within the requirements of G. L. c. 156, § 38." Both parties appealed. The plaintiff contends that it is entitled to relief against the individual defendants, while the latter contend that the dismissal of the bill as to them should have been absolute and unqualified.

The master's reports show that on July 25, 1930, the

plaintiff brought an action at law against the defendant corporation to recover the same debt of $3,667.31 upon which the present bill is founded, made service of the writ, and obtained judgment by default on August 15, 1930. The writ and declaration in that action, upon which service was made on the defendant corporation much more than the statutory ten days before the present bill was filed on December 24, 1931, amounted to "a written demand by or on behalf of the creditor upon such corporation for the payment of his [its] claim," as required by G. L. c. 156, § 38. This requirement originated in St. 1911, c. 488, § 2. *E. S. Parks Shellac Co.* v. *Harris*, 237 Mass. 312, 315. A more definite and insistent form of "written demand" could hardly be imagined. *Burnham* v. *Allen*, 1 Gray, 496, 499. *Jillson* v. *Hill*, 4 Gray, 316, 317. *Cormier* v. *Brock*, 212 Mass. 292, 295. *Kaufman* v. *Tredway*, 195 U. S. 271, 273. There is nothing in *Empire Laboratories Inc.* v. *Golden Distributing Corp.* 266 Mass. 418, to the contrary, although in that case a written demand was made after judgment.

The defendants urge that the original cause of action became merged in the judgment obtained on August 15, 1930, and that the earlier written demand just described could not constitute a written demand for the payment of the judgment. It is true, that this court has gone far in denying the identity of, and even the connection between, the original cause of action and the resulting judgment. Under the State insolvency law, differing in this respect from the Federal bankruptcy law, it was held that where a creditor reduced his claim to judgment after the first publication of the notice in insolvency proceedings, the judgment could not be proved, and consequently was not discharged, because the law provided that a debt, to be provable, must have been due at the time of such first publication. *Bennett* v. *Justices of the Municipal Court*, 166 Mass. 126, 127, 128. *Huntington* v. *Saunders*, 166 Mass. 92. *Attorney General* v. *American Legion of Honor*, 196 Mass. 151, 158. *Badger* v. *Jordan Marsh Co.* 256 Mass. 153, 155. Where a statute provided that a discharge in insol-

vency shall not bar an unproved "claim for necessaries," it was held to bar an action upon a judgment founded on such a claim. *Bangs* v. *Watson,* 9 Gray, 211.

On the other hand, the continuity of the claim before and after judgment has been recognized in cases fairly close to the case at bar. *Byers* v. *Franklin Coal Co. of Lykens Valley,* 106 Mass. 131, arose under a statute providing that corporate officers who neglect to file a certificate of condition shall be liable for all corporate debts "contracted during the continuance of such . . . neglect." The debt in that case was contracted during the period of neglect, but was reduced to judgment against the corporation afterwards. It was held that the judgment was the same debt, for the purposes of the statute, and that the officers were liable. The court said (page 137), "A judgment against the principal debtor merges the debt as to him, but it does not operate to defeat any collateral, concurrent remedy against other parties, which the creditor may have." In *Continental Corp.* v. *Gowdy,* 283 Mass. 204, 210, the statutory liability of directors was again described as "a secondary liability for the same obligation." See also *Wyman* v. *Fabens,* 111 Mass. 77, 80; *Murphy* v. *Manning,* 134 Mass. 488; *Attorney General* v. *American Legion of Honor,* 196 Mass. 151, 158; *Frost* v. *Thompson,* 219 Mass. 360, 368; *Miller* v. *Hyde,* 161 Mass. 472, 475, 476. In the present case, although technically for many purposes the original cause of action became merged in the judgment obtained by default, the plaintiff's "claim," for the payment of which a written demand upon the corporation had to be made, remained substantially the same claim though reduced to judgment. We think that a written demand prior to the judgment was sufficient to hold the defendant directors, whether recovery be based upon the original claim or on the judgment.

The present bill and the findings as to liability ignored the judgment, and relied on the original cause of action. Doubtless the defendants could have insisted that liability be established upon the judgment, if established at all. *Frost* v. *Thompson,* 219 Mass. 360, 367. *Lonnqvist* v.

*Lammi*, 242 Mass. 574, 578.  But the defendants have not taken this point in pleading nor in argument.  The original claim sued on was less, rather than more, than the amount of the judgment, and consequently the defendants are not harmed by the want of technical accuracy in the description of the claim.  Of course the original cause of action and the judgment are within the same "cause" (G. L. [Ter. Ed.] c. 231, § 51), and an amendment to the bill could now be allowed, basing relief on the judgment. *H. C. Miner Litho. Co.* v. *Wagner*, 177 Mass. 404.  But we think this unnecessary, where the defendants have in no way objected to a suit on the original cause of action. See *United States* v. *Bliss*, 172 U. S. 321; *Wells* v. *Boston & Maine Railroad*, 82 Vt. 108, 118; *McArthur* v. *Oliver*, 53 Mich. 299; *Moffit* v. *Endtz*, 232 Mich. 2, 5; *Clark* v. *Baranowski*, 111 Ohio St. 436.  See also *Foye* v. *Patch*, 132 Mass. 105, 109, 110.

It cannot be denied, that since the liability was complete in 1930, before the enactment of St. 1931, c. 313, § 1, now G. L. (Ter. Ed.) c. 156, § 36, the relaxation of liability under that act is immaterial in this case.  *Frank Kumin Co. Inc.* v. *Marean*, 283 Mass. 332.  *Standard Oil Co. of New York* v. *Back Bay Hotels Garage, Inc.* 285 Mass. 129.

It follows that the final decree must be reversed, and that a final decree must be entered, establishing the plaintiff's debt and enforcing the statutory liability of the individual defendants therefor, with costs, in accordance with the prayers of the bill.

*Ordered accordingly.*