Angelo Cassiani *vs.* Mary Bellino & others.

Middlesex. February 11, 1959. — April 3, 1959.

Present: Wilkins, C.J., Ronan, Spalding, Williams, & Cutter, JJ.

*Bills and Notes*, Acceleration clause, Demand.

A dated negotiable note, promising to pay the principal sum "in two years from this date, with interest semi-annually" at a specified rate "during said term . . . provided however, that if any default shall be made in the payment of any installment of principal or interest . . . the whole principal sum then remaining unpaid, together with interest shall, at the option of the holder hereof, become due and payable on demand," was not by reason of the words "on demand" a note wherein the maker's promise to pay was conditional. [767]

Under a negotiable promissory note providing for payment of interest semi-annually and for payment of the principal in two years from date and that "if any default shall be made in the payment of any installment of principal or interest . . . the whole principal sum then remaining unpaid, together with interest shall, at the option of the holder hereof, become due and payable on demand," a demand by the holder for payment of the whole unpaid principal upon a default in a payment of interest within the two year period was not a condition precedent to his commencing an action against the maker for such accelerated principal within that period. [768–769]

Contract. Writ in the District Court of Somerville dated July 2, 1957.

The action was heard by *Clark, J.*

The case was submitted on briefs.

*George Gruzen,* for the defendants.

*Frank P. Fralli,* for the plaintiff.

WILKINS, C.J.   This action of contract is by the indorsee against the three makers of a promissory note, a copy of which is set forth in the margin.[1]   The District Court judge denied the defendants' requests for rulings and found for the plaintiff.   The Appellate Division dismissed a report, and the defendants appealed.

We need not extend discussion of the denial of the defendants' first five requests for rulings.   These were rendered inapplicable by findings warranted by the evidence.   *Whittaker* v. *Eastern States Engr. Corp.* 269 Mass. 451, 458.   *Wood* v. *Spedoni,* 328 Mass. 483, 485.   *M. DeMatteo Constr. Co.* v. *Commonwealth, ante,* 568, 585.

The sixth request was: "The provision of the note providing by its terms that if any default shall be made in the payment of any instalment of principal or interest, and such default continues for thirty days, the whole principal sum then remaining unpaid, together with interest shall at the option of the holder hereof become due and payable on demand, requires as a matter of law that demand must be made before suit is commenced."

The District Court judge found that the payee indorsed

---

[1] "$3175                                      October 30, 1956.

For Value Received, I, We promise to pay to Giovanni Di Ieso or order, the sum of thirty-one hundred seventy-five dollars in two years from this date, with interest semi-annually at the rate of five per centum per annum, during said term, and for such further time as said principal sum, or any part thereof shall remain unpaid; provided however, that if any default shall be made in the payment of any installment of principal or interest and such default continues for thirty days, the whole principal sum then remaining unpaid, together with interest shall, at the option of the holder hereof, become due and payable on demand.

Signed in presence of                          (S)      Mary Bellino
........................                          (S)      Robert Bellino
........................                          (S)      Lucille Bellino
                              (Endorsement)
Pay to the order of Angelo Cassiani
                                       (Signed)      Giovanni Di Ieso
                              [In margin.]

Secured by Mortgage of Personal Property situated in Somerville to be recorded in Somerville City Hall."

the note to the plaintiff on or about May 14, 1957, for $2,500 cash. On May 20, 1957, the plaintiff's counsel sent a letter to the defendants notifying them of the transfer and requesting payment of $77.37 interest which had become due on April 30, 1957. No payment having been made on the note, this action was begun on July 2, 1957.

The defendants' argument seems to run as follows. The note is for a term of two years with a separate provision, in case of default, for acceleration at the option of the holder upon demand. Under G. L. c. 107, § 93, "Presentment for payment is not necessary to charge the person primarily liable on the instrument." But if the promise to pay is conditional, demand is necessary to charge such a person. See *Goodfellow* v. *Farnham,* 239 Mass. 590, 591. Because of the words "on demand," it is insisted that the note in suit is conditional. No pertinent authority is cited.

We cannot accept this contention. The defendants do not argue that they were ready and able to make payment of the instalment of interest but did not know where to make it. See *Shapiro* v. *Weber,* 220 App. Div. (N. Y.) 667. Nor is this a case where the defendants were not given a fair opportunity to pay. See *Bardsley* v. *Washington Mill Co.* 54 Wash. 553, as modified by *James* v. *Brainard-Jackson & Co.* 64 Wash. 175, 178, and *Hartge* v. *Capeloto,* 136 Wash. 538, 542. The record would not permit those arguments.

The acceleration clause is valid. *A–Z Servicenter, Inc.* v. *Segall,* 334 Mass. 672, 676. The note was negotiable notwithstanding that clause. G. L. c. 107, § 24. *Star Brewing Co.* v. *Higgins,* 248 Mass. 480, 481. See *General Mortgage & Loan Corp.* v. *Dickey,* 274 Mass. 207, 211–212. To enforce a note payable on demand, the bringing of suit is in itself a sufficient demand. *Burnham* v. *Allen,* 1 Gray, 496, 499. *Jillson* v. *Hill,* 4 Gray, 316, 317. *Farmers Natl. Bank* v. *Venner,* 192 Mass. 531, 534. *Cormier* v. *Brock,* 212 Mass. 292, 295. *Goodfellow* v. *Farnham,* 239 Mass. 590, 591. *Stevens* v. *Berkshire St. Ry.* 247 Mass. 399, 401. As we said as to the institution of another type of suit, "A more definite and insistent form of 'written demand' could hardly be

imagined." *Standard Oil Co. of N. Y.* v. *Y–D Supplies Co.* 288 Mass. 453, 455.

The defendants also argue that after default the principal was not due without a demand for payment of the accelerated amount. They point out that the plaintiff's letter asked only for the payment of interest. This point is of first impression in this Commonwealth. The views of other courts are divided. The only citation made by the defendants is *Parker* v. *Mazur,* 13 S. W. 2d 174 (Tex. Civ. App.), which is representative of the judicially declared law of Texas that in the circumstances general equitable principles require presentment and demand for payment of the accelerated amount. See *Griffin* v. *Reilly,* 275 S. W. 242 (Tex. Civ. App.); *Ross* v. *Isaacs,* 54 S. W. 2d 182, 186 (Tex. Civ. App.); *Faulk* v. *Futch,* 147 Texas, 253, 257. Another case holding that demand upon the maker is necessary to accelerate the payment of the entire debt is *Berkowitz* v. *Kasparewicz,* 121 Conn. 140, 146.

To the contrary and to the effect that a demand for the full amount, or notice of an intention to exercise the option to collect it, is not a condition precedent to bringing suit, are cases in many jurisdictions. Some are of long standing. *Hewitt* v. *Dean,* 91 Cal. 5, 7–8. *Hendron* v. *Bolander,* 101 Colo. 414, 418–419. *Brown* v. *McKay,* 151 Ill. 315, 323–324. *Buchanan* v. *Berkshire Life Ins. Co.* 96 Ind. 510, 520. *Swearingen* v. *Lahner,* 93 Iowa, 147, 152. *Farmers' Bank & Trust Co.* v. *Dent,* 206 Ky. 405, 411. *Johnson* v. *Van Velsor,* 43 Mich. 208, 214–215. *Fowler* v. *Woodward,* 26 Minn. 347, 348–349. *Morling* v. *Bronson,* 37 Neb. 608, 611. *Corbett* v. *Ulsaker Printing Co.* 49 N. D. 103, 106–107. *Harrison* v. *Beals,* 111 Ore. 563, 571.

The interpretation of the acceleration clause is governed by the law of contracts and was not covered by the negotiable instruments law, which was in effect at the time of the transaction. See *Shapiro* v. *Weber, supra,* 220 App. Div. (N. Y.) 667, 669. In the existing state of the authorities, we have a free choice of the rule which, to our thinking, is better suited to negotiable instruments and commercial practice. Ours is

now the decision whether the signer of a note containing an acceleration clause upon default optional with the holder is, after default, entitled to a special notice, as a condition precedent to suit, that the holder has elected to avail himself of the benefits of that clause. A maker must be held to know what he signed. We do not favor placing this unnecessary burden upon the recovery of the loan. We are aware of no policy in this Commonwealth which would handicap the enforcement of a contract, freely made, for the repayment of cash borrowed. We are not informed of any reason why the defendants should be given the advantage of the defence asserted. It cannot be denied that before suit presentment for payment and demand for the full amount of the note would have precluded this defence. Such presentment and demand could have preceded service of the writ by the briefest period of time.

Viewing the realities of this case, the entire principal was due, in any event, on October 30, 1958. There has been no attempt to pay the arrears. The only result of a decision in favor of the defendants would be to force the suing out of a new writ and another trial of a case upon the merits of which no valid defence has been brought forward or appears. We doubt that any jurisdiction which favors a special demand before the enforcement of an acceleration clause would deem it equitable to deny recovery after the unaccelerated date of maturity because demand for accelerated payment had not been made before instituting the suit.

*Order dismissing report affirmed.*