**ALLEN SALES AND SERVICENTER, INC., et al., Appellants,**

v.

**Shelton RYAN et al., Appellees.**

**No. 17560.**

Court of Civil Appeals of Texas, Fort Worth.

Nov. 22, 1974.

Rehearing Denied Dec. 27, 1974.

L. A. Nelson, Jr., Denton, for appellants.

Michael J. Whitten, Denton, for appellees.

## OPINION

MASSEY, Chief Justice.

Allen Sales and Servicenter, Inc. made to Shelton Ryan and Wayne Ryan a note in the principal amount of $10,000.00, payable in five successive annual installments of $2,000.00 each, plus accrued interest on the unpaid principal balance, on June 1st of each year, the first installment to be paid June 1, 1972. This note was guaranteed by N. R. Allen, individually, as to "the full payment of the within note, and all sums falling due thereunder, in accordance with the terms and provisions thereof."

There had been no demand for payment and no installment payment made on June 5, 1972, four days after the makers were obliged by terms of the note to make the payment due June 1, 1972. On June 5th, by certified mail, the Ryans notified the makers, as follows: "It is our option and desire to declare the total note plus interest due in full and said note to be paid by June 15, 1972."

In response, by letter dated June 13, 1972, Allen Sales and Servicenter, Inc. tendered and submitted to the Ryans the $2,000.00 principal installment due June 1, 1972, plus interest accrued to June 1st (but not additional interest). The tender was refused. June 19, 1972 the Ryans filed suit against Allen Sales and Servicenter and N. R. Allen for the amount of $10,000.00 principal, and the interest on the note, and for attorney's fees. Subsequently, by stipulation, the amount of attorney's fees proper in the event the Ryans should prevail by their suit ceased to be a question.

The contention of the principal obligor and guarantor has at all times been that there is no desire to escape liability, but that the liability was and continued to be for the installment amounts, of $2,000.00 each, as they accrued.

Both parties adversary filed motions for summary judgment, with the state of the record amounting to an agreed case. Judgment was for the Ryans to collect the full amount on the note and guaranty. Allen Sales and Servicenter and N. R. Allen appealed.

We affirm.

Essentially, the question is: were the Ryans entitled to maintain their suit for the entire amount of the note, as accelerated, when there had been no presentment and demand for payment of the installment due June 1, 1972 at any time prior to June 5, 1972 when their letter was mailed giving notice of the exercise of the option provided by the note relative to acceleration,

and demanding payment of the whole amount?

The note provided for the installment payments thereon to be made in Denton, Denton County, Texas, but no particular place or institution in Denton was specified where the payments should be made. Since it is agreed that the note in question was a negotiable instrument, we might take note of the state of the law relative thereto under the old Negotiable Instruments Act, V.A.T.S. Art. 5937, "Presentment for payment", repealed effective June 30, 1966. By the case of Faulk v. Futch, 147 Tex. 253, 214 S.W.2d 614 (1948), when Art. 5937 was operative, a holder of a negotiable note could not take advantage of his right of option to accelerate its maturity without presentment for payment. See 5 A.L.R.2d 968, Annotation: "What is essential to exercise of option to accelerate maturity of bill or note", particularly beginning at p. 977 of the annotation Sec. 6, "Presentment and demand".

Now a part of Texas law, in the stead of Art. 5937, and applicable to the note and transaction in question, is Vernon's Annotated Texas Code on Business and Commerce, Sec. 3.501, "When Presentment, Notice of Dishonor, and Protest Necessary or Permissible". In our opinion the trial court was correct when it held that there was not necessity that there be a presentment or demand for payment of the installment due on the note on June 1, 1972 as a predicate for effective election to accelerate against those primarily liable, and that there was in this case an entitlement to judgment for the whole amount.

Other sections of the Code considered were Secs. 3.503, "Time of Presentment", 3.504, "How Presentment Made", and 3.511, "Waived or Excused Presentment, Protest or Notice of Dishonor or Delay Therein." Section 3.511 actually sets out affirmative defenses which might be available to a defendant in a suit such as that before us. Here, however, none of the excuses contemplated by the section were plead.

Of aid in our test of the legal question is the language in the case of Business Aircraft Corp. v. Electronic Commun., Inc., 391 S.W.2d 70 (San Antonio Civ.App., 1965, writ ref., n. r. e.). See also the Massachusetts case of Cassiani v. Bellino, 338 Mass. 765, 157 N.E.2d 409 (1959).

What we have written has undoubted application to Allen Sales and Servicenter, Inc. A question to be resolved is whether the same is also applicable to N. R. Allen, as an individual guarantor. A guarantor is primarily liable in exactly the same way as the principal obligor on the note. He is not entitled to insist upon any action as a predicate to enforcement of liability against him thereon such as that possessed by an endorser relative to presentment or demand, where there is no existent contractual obligation therefor. Commerce Securities Corporation v. Congleton, 8 S.W.2d 803 (Dallas, Tex.Civ.App., 1928, writ dism.); Roseborough v. Phillips, 389 S.W.2d 593 (Dallas, Tex.Civ.App., 1965, no writ history).

Judgment is affirmed.