**John P. Forte, J.**
**James B. Tiffany, J.**
**H. Lawrence Jodrey, J.**

</div>

This certifies that this is the opinion of the Appellate Division in this cause.

<div align="right">

**Suzanne Hurley**
**Clerk, Appellate Division**

</div>

<div align="center">

**Nicholas J. DECOULOS**
vs.

**Chester KOBUSZEWSKI**

**No. 8682**

Appellate Division of the
District Court Department
Northern District
Commonwealth of Massachusetts

**November 26, 1982**

</div>

Karl G. Spitzer, Esq., counsel for plaintiff.
Stephen D. Walsh, Esq., counsel for defendant.

## OPINION

Forte, J. This is an action by the plaintiff attorney against his client for legal fees for services rendered in accordance with the terms of a written contract; or, in the alternative, the fair and reasonable value of services rendered.

There was evidence introduced that the defendant, being dissatisfied with a prior attorney, engaged the plaintiff to handle his domestic problems; to wit: obtain a divorce and one-half of the real estate the defendant and his wife acquired during their thirty-plus years of marriage. The title to the real estate had been placed in the wife's name for protection from the defendant's creditors.

Prior to being retained, the plaintiff gave the defendant a "Client Fee Agreement" to study over the weekend prior to signing. The pertinent parts of this Agreement state:

"1. . . . receipt of $750.00 as a retainer . . .

"2. . . . minimum fee of $300.00 . . . not refundable . . .

"3. . . . hourly rate of $60.00 . . . It is further understood and agreed that the final bill to be rendered by the office shall, in addition to reflecting the time expended, take into account the factors prescribed by the Massachusetts Supreme Judicial Court to be considered as guides when determining the reasonableness of fees for legal services:

a. The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

b. The fee customarily charged in the locality for similar legal services,

c. The amount involved and the results obtained;

d. The time limitations imposed by the Client or by the circumstances;

e. The nature and length of the professional relationship with the Client;

f. The experience, reputation and ability of the lawyer performing the services.

"4. Additional billing will be submitted to the Client from time to time in the event and as the time charges of the Office exceed the initial retainer.

"5. The Client agrees to assume and pay for all out-of-pocket disbursements incurred . . .

"10. If it is necessary to file suit for the collection of any sums due to the Office from the Client under this Agreement, the Client shall pay reasonable attorney's fees together with court costs for their collection."

There was further evidence of the following: Plaintiff immediately filed a Lis Pendens; obtained a preliminary

injunction; conducted a deposition; filed a complaint for divorce; and successfully impressed a trust upon the real estate, all within six months of being retained. A second action was later filed in the Superior Court Department to enforce newly acquired rights relating the collection of rents. The value of the property exceeded $100,000.00. The plaintiff's charges were fair and reasonable. The defendant paid the sum of $1,050.00. The evidence also indicated that after the above mentioned payment and after enforcement of the action to collect rents, the plaintiff presented a statement to the defendant taking into consideration the entire written contract as follows:

| | |
|---|---:|
| "Time expended @$60/hr. | $3120.00 |
| Total itemized expenses | 76.00 |
| Additional factors as to novelty and success | 4000.00 |
| Total | $7196.00 |
| paid retainer | 750.00 |
| paid on account | 300.00 |
| Balance Due | $6146.00" |

The portion of the bill disputed by the defendant is the $4,000.00 sum based upon "novelty and success of litigation."

At the close of the evidence, the plaintiff filed the following requests for rulings:

"1. If the Court finds that the matter for which the plaintiff was retained involved a novel and difficult question and required more than the usual skill to perform the legal services properly, then the Court should award an additional fee in accordance with the terms of the contract in the amount of $4,000.00.

"3. If the Court finds that the defendant wanted immediate results and placed extreme time limitations on the plaintiff, then the Court should make a finding that the $4,000.00 additional charge is reasonable in addition to the 52 hours charged by the plaintiff.

"4. If the Court finds that the plaintiff enjoys a good reputation in the legal profession and has more than adequate abilities and has many years of varied experience in performing the services requested by the defendant, then the Court should find that the additional charge of $4,000.00 made by the plaintiff is reasonable.

"5. If the Court finds that the plaintiff had to retain an attorney, then the Court should find that the defendant is responsible to pay reasonable attorney's fees as provided in paragraph 10 of the agreement.

"6. If the Court finds that a written contract was entered into between the plaintiff and defendant; and that the plaintiff did perform all of the services requested by the defendant; and that the matter involved was novel and difficult and required more than the ordinary skill; and that the fee customarily charged would be in addition to an hourly rate; and that the amount involved exceeded $100,000.00; and that the results obtained were exactly what the plaintiff desired; and that the defendant placed extreme time limitations on the plaintiff; and that the plaintiff enjoys a good reputation in the legal profession and has more than the ordinary ability and experience to perform the services, then the Court should find for the plaintiff in the sum stated in the Complaint together with reasonable attorney's fees as allowed in the agreement. In the case of **Cobbs v. Library Bureau,** 268 Mass. 331 (1929) at page 316: 'This Court cannot make a contract for the parties. Its duty is to construe the contract which they fully understood and entered into voluntarily. The plaintiffs

were not misled by the defendant. The contract was plain in its recitals of the obligations imposed upon the plaintiffs."

Request number 2 was waived at oral argument.

Among the trial judge's findings of fact were:

"I find that counsel was entitled to fair and reasonable compensation for the services rendered in the amount of $2,146.00 which includes the time expended at the hourly rate agreed upon and the expenses incurred by the attorney on behalf of his client.

"I further find that despite its caption of client fee agreement, it does not fall within the scope of Supreme Judicial Court Rule 3.14 as its terms are uncertain, vague and ambiguous and only capable of unilateral determination, although bilateral in execution.

"I further find that the legal services performed by the attorney for his client in this case were within the capacity of any skilled and experienced attorney and that the matters involved were not of a novel, difficult or esoteric nature, but involved a domestic relation situation, which has not as yet culminated in a probate decree, and also the resolution of jointly held property.

"I further find that the agreement was entered into between the parties on April 2, 1979 and this suit entered in February of 1980, a total period of ten months, a not inordinate period of professional relationship between an attorney and client.

"I further find that the clause 'amount involved and results obtained' are an attempt to include a percentage approach, but failed due to any specific delineation of the terms.

"I find for the plaintiff in the amount of $2,146,00."

The judge denied requests numbers 1, 3, 4 and 6 stating: "Denied, see findings of fact." As to request number 5, it was "denied, as a result of only a partial finding of amount due the plaintiff."

There was no error.

Requests numbers 1 and 6 are based upon an assumed fact; to wit: novel and difficult question which required more than the usual skill. The judge found just the opposite: "the legal services . . . were within the capacity of any skilled and experienced attorney and that the matters involved were not of a novel, difficult or esoteric nature." Therefore, the requests were immaterial and correctly denied. **Deutsch v. Ormsby**, 354 Mass. 485, 487-488 (1968); **Cassiani v. Bellino**, 338 Mass. 765, 766 (1959).

As to requests numbers 3 and 4, there was no evidence reported that extreme time limitations were placed on the plaintiff, nor that the plaintiff enjoyed a good reputation and had more than adequate abilities. Therefore, these requests were properly denied as being immaterial. **Deutsch v. Ormsby, supra,** at 487-488; **Cassiani v. Bellino, supra** at 766.

The ruling on request number 5 was correct because the judge made a finding that the defendant only "disputed the amount of $4,000.00 'for additional factors as to novelty and success of litigation,' " inferring there was no necessity to file suit to collect the fees billed based upon the "Agreement" and awarded by the court.

**Report dismissed.**

Elliott T. Cowdrey, P.J.
John P. Forte, J.
H. Lawrence Jodrey, J.

This certifies that this is the opinion of the Appellate Division in this cause.

Suzanne Hurley
Clerk, Appellate Division