Lenhoff, J.
The Plaintiff, Interstate Plumbing and Heating Supply Coiporation, seeks to recover funds in contractandtort fromtheDefendant, Christopher P. Kantianis plus the recovery of $7,050.00 from the Baystate Gas Company, hereinafter referred to as Baystate Gas.
The Defendant, Baystate Gas filed a general denial together with affirmative defenses that it never entered into any agreement with the Plaintiff nor could it be bound by any agreement between the Plaintiff and the Defendant Kantianis, hereinafter referred to as Kantianis.
The cases were tried together and the trial court found for the Plaintiff as against Kantianis in the sum of $9,825.85; and, rendered judgment for the Baystate Gas.
There was evidence tending to show the following:
The Baystate Gas contracted with Kantianis to pay $150.00 for each of 47 apartments or a total of $7,050.00, in which apartments he caused gas to be used. Baystate Gas so contracted to induce persons constructing apartments to use gas therein. This $150.-00 per apartment gas allowance proposal provided that same was an aid to construction allowed to a developer. Said sum was to be paid when the project was completed and said developer’s credit status was clear.
On March 23,1973, Kantianis contracted with the Plaintiff to have it perform certain work and furnish all labor and materials to install plumbing and heating facilities in his apartments. This contract provided therein that the Plaintiff was authorized to endorse a check from the Springfield Gas Light Company, now Baystate Gas, as agent for Kantianis, in the sum of $7,050.00 to apply as a credit on progress payments due from said Kantianis to the Plaintiff.
On March 28,1973, Kantianis wrote a letter to Baystate Gas, formerly known as the Springfield Gas Light Company, authorizing and directing it to send a check for $7,050.00 made payable to the order of Kantianis, to the Plaintiff. In response thereto, the Gas Company wrote to Kantianis setting forth in its letter its agreement to comply with the terms of the Kantianis letter, stating: “We expect that you will advise us when all work is complete and ready for qualification of payment.”
In October, 1974, the City of Chicopee issued a certificate of occupancy *208 wherein it had certified that the building in which the 47 apartments had been constructed was so constructed in accordance with the Building Code and Zoning Ordinance and may now be occupied.
In the spring of 1975, there was disagreement as to whether the 47 apartment construction was 100% complete, Kantianis and Baystate Gas contending it wasn’t completed; whereas, the Plaintiff asserted it was.
Baystate Gas never received notification from Kantianis that the construction job was complete.
The Plaintiff seasonably filed 23 requests for rulings of law. The trial court ordered that same be reduced to 12. The Plaintiff complied and submitted from-those requests originally numbered 1 through 23, the following: 1,3, 4, 5, 6,11, 14, 15, 16, 17, 19 and 22. The trial court denied all the requests except request number 14, stating that the requests denied were immaterial by virtue of its findings of fact. The Plaintiff, claiming to be aggrieved by said denial and the trial court’s order reducing the number of its requests, appealed to this Appellate Division for a determination of its grievances.
The trial court’s findings of fact reveal that payment was found to be due from Baystate Gas to Kantianis when the 47 apartment construction was completed and said Kantianis had been cleared with the credit department of Baystate Gas. It follows that the completion and credit clearance were contractual conditions precedent to payment.
Corbin on Contracts, § 628 at page 587, defines “condition precedent” as follows: “ .. .those facts and events occurring subsequently to the making of a contract, that must exist or occur before.. .the usual judicial remedies are available.”
As both the directly contracting parties, Kantianis and Baystate Gas, concurred in concluding that the 47 apartment construction contract had not been completed, the trial court possessed sufficient evidence to conclude that payment was not due from Baystate Gas, regardless of the fact that the appropriate municipal authority had issued a certificate of occupancy. Barttro v. Washington Square Theatre, Inc., 309 Mass. 223 (1941). Completion, as agreed by Kantianis and Baystate Gas, was an express condition precedent to payment. In addition thereto, credit clearance on the part of Baystate Gas was also found to be such condition precedent by the trial judge. Therefore, judicial action seeking funds alleged to be due was premature; and, all remedies were unavailable until compliance with said conditions were met. The trial court’s finding accordingly precluded recovery by Kantianis.
Though we do not here decide whether the Plaintiff possessed rights, either alone or in combination, as one with a power of attorney, or assignment or as a third party beneficiary, we do conclude that whatever rights it may have possessed, if any, would have to be derived from and be dependent upon the contractual obligations of the Baystate Gas to its immediate contracting party, Kantianis.
Having determined that recovery was not in order as so found by the trial court, its judgment for Baystate Gas appears correct if no error is found in the trial court’s order reducing the Plaintiff’s requests for rulings of law and in its disposition of those requests submitted.
The Plaintiffs grievance relating to the trial court’s order to reduce 23 requests for rulings of law originally filed to 1 submitted is now discussed.
There is no question that a trial court has the power and the authority where a case presents limited issues and where excessive requests are filed, to order that such requests for rulings of law be refashioned and reduced in number before it *209 passes on them. Commercial Credit Corp. v. Stan Cross Buick, Inc., 343 Mass. 622, 626 (1962). Also see Stella v. Curtis, 348 Mass. 458, 460 (1965) and Hogan v. Coleman, 326 Mass. 770, 772-773 (1951).
A review of the trial court’s findings of fact presents a limited issue indicating with clarity that the number of requests for rulings of law could be reasonably deemed excessive. Therefore, we hold that the trial court’s reduction order was just and proper in the existing circumstances.
We next consider the Plaintiffs submitted requests for rulings of law.
In the case of Lynn v.Nashawaty, 1981 Mass. App. Ct. Adv. Sh. 1453, 1458, the Appeals Court held that findings made pursuant to Mass. R. Civ. P. Rule 52 (a) serve the same functional purpose as the statutory report of material facts in the earlier equity practice. The Appeals Court stated therein that the thought process of the trial judge leading to his decision was fully articulated and that in such circumstances responses to requests for rulings are superfluous. Also see Petition of New Bedford Child and Family Service to Dispense with Consent to Adoption, 385 Mass. 482, 491 (1982).
It is noted that in Lynn v. Nashawaty, supra, the mandatory aspect of Mass. R. Civ. P. Rule 52 (a) applicable to the Superior Court department ofthe Trial Court (the word “shall” is used) differs from Dist/Mun. R. Civ. P. Rule 52 (a) which appears to be permissive (the word “may” is employed) in contradistinction thereof. However, the result must be accorded like vigor when findings of fact are made by a trial justice of the District Court Department of said Trial Court. Such treatment obtains in the case at bar.
We do not ignore and we do take cognizance of the note[2] on pages 1458 and 1459 in the case of Lynn v. Nashawaty, supra. Our recognition of the said note’s language is adopted by this Appellate Division as was the case in the Appeals Court.
The foregoing, in combination with the facts found by the trial court that “fully articulated” the trial judge’s “thought process”, demonstrates that all the denied requests for rulings of law are superfluous and/or immaterial, thereby justifying said court’s denial thereof. See also Deutsch v. Ormsby, 354 Mass. 485, 487-488 (1968); Cassiani v. Bellino, 338 Mass. 765, 766 (1959).
Finally, request numbered 14, to wit: “The evidence warrants a finding for the Plaintiff against the Bay State Gas”, was allowed showing the trial court’s correct application of the law as is set forth in DiGesse v. Columbia Pontiac Co., 369 Mass. 99, 106 (1975).
In conclusion, we hold that the trial court’s disposition of the requests for rulings of law submitted by the Plaintiff is without error.
Having found no error, the report is hereby dismissed.

“We do not read DiGesse v. Columbia Pontiac Co., 369 Mass. 99, 106 (1975), as requiringjudges to act on requests for rulings of law in cases governed by the Massachusetts Rules of Civil Procedure, but merely as reiterating that, regardless ofthe applicable procedure, ajudge who erroneously rules that the evidence does not warrant a finding for the losing party invites reversal unless he makes clear in some way that his finding for the winning party is independent ofthe incorrect ruling of law.”