LaFrance Industries *vs.* City of Boston.

Suffolk.     April 14, 1931. — June 8, 1931.

Present: Rugg, C.J., Carroll, Wait, Sanderson, & Field, JJ.

*Practice, Civil,* Notice to admit facts, Exceptions. *Municipal Corporations,* Sewers.

An action against a city for damage caused by the alleged overflow of a sewer of the defendant was commenced and tried before the enactment of St. 1931, c. 83. The plaintiff had filed a notice to admit facts under G. L. c. 231, § 69, as amended by St. 1926, c. 381, § 1; and had mailed a copy, postage prepaid, to the defendant's counsel. Answers of the defendant thereto were filed more than ten days later. The trial judge refused to permit the answers to be read to the jury, but allowed the plaintiff to read to the jury the facts stated in the notice, one of which was that at the time of the damage the sewer in the locality was clogged with dirt and debris. Witnesses for the plaintiff testified that the sewer was obstructed. The defendant did not file a motion that a verdict be ordered in its favor; and, after a verdict for the plaintiff, filed a bill of exceptions which did not purport to contain all the material evidence. *Held,* that

(1) It was not open to the defendant to contend that there was no evidence of its negligence;

(2) Mailing the copy of the notice to admit facts was not service thereof by the plaintiff upon the defendant's counsel within the meaning of the statute previous to the amendment wrought by St. 1931, c. 83; and the plaintiff was not entitled to the benefit of reading to the jury the facts stated in the notice;

(3) The reading of such facts to the jury was not justified by the testimony as to the obstruction of the sewer, since, by such reading, the fact that the sewer was obstructed stood as an admission by the

defendant, sufficient in itself to warrant a finding of negligence on the part of the defendant, even if the jury disbelieved the plaintiff's witnesses;

(4) The error by the trial judge in permitting the facts in the notice to be read to the jury was prejudicial to the defendant;

(5) The defendant's exception to the introduction of the notice was sustained.

TORT. Writ dated November 17, 1927.

The plaintiff sought to recover for damage alleged to have been caused on October 13, 1927. The action was tried in the Superior Court before *Macleod,* J. Proceedings relative to the plaintiff's notice to admit facts are described in the opinion. The action was tried before the enactment of St. 1931, c. 83. There was a verdict for the plaintiff in the sum of $13,000. The defendant alleged exceptions.

*J. A. Campbell,* Assistant Corporation Counsel, for the defendant.

*A. L. Hyland,* for the plaintiff.

CARROLL, J. Property of the plaintiff in a building on Merrimac and Canal streets, Boston, was damaged by the alleged overflow of one or more sewers of the defendant. It was agreed that, if the plaintiff could recover, damages should be assessed in the sum of $13,000. The jury found for the plaintiff. The case is before us on the defendant's exceptions.

The plaintiff's contention is that the damage was caused by the defendant's neglect in the construction, maintenance and operation of its main drains and sewers. The defendant contends that the damage resulted from the lack of capacity or defect in the plan of sewers established by public officers. See *Pevear* v. *Lynn,* 249 Mass. 486; *Arick* v. *Worcester,* 273 Mass. 134.

The defendant argues that there was no evidence of its negligence to submit to the jury. It nowhere appears that the defendant moved that a verdict be directed in its favor. This question as well as some of the questions argued by the defendant cannot be passed upon, because the bill of exceptions does not purport to contain all the material evidence. *Todd* v. *MacLeod,* 188 Mass. 144, 146. *Barnes* v. *Springfield,* 268 Mass. 497, 504.

There is one point argued by the defendant which is before us. St. 1926, c. 381, § 1, is in these words, so far as material: "In any action at law or suit in equity a party by written notice filed in the clerk's office and served by copy on the other party or his attorney, not less than ten days before the trial of the action or suit, may call upon the other party to admit, for the purposes of the case only, any material fact or facts . . . which he intends to use at the trial . . . . If no answer is filed in the clerk's office within ten days after the filing therein of said notice . . . the truth of the fact or facts . . . shall, for the purposes of the case, be held to be admitted."

There was evidence that on December 26, 1929, the plaintiff mailed, postage prepaid, to the counsel for the defendant, a copy of the notice to admit facts under this statute. On January 7, 1930, the defendant filed answers to this notice to admit facts. On objection of the plaintiff the defendant was not allowed to read the answers. On April 21, 1930, a written motion to extend the time for filing answers to notice to admit facts was denied. Counsel for the plaintiff read to the jury from the notice to admit facts. One of the statements in this notice was "That this sewerage system or a part of it in the locality of 27–29 Merrimac Street was clogged with dirt and other debris in the forenoon of October 13, 1927."

St. 1926, c. 381, § 1, requires that the notice to admit facts must be served by copy on the other party or his attorney. Service by copy, as the statute enacts, is not complied with by sending notice through mail, as was done by the plaintiff. Service by copy means service by an officer authorized to serve civil processes. *Boston Morris Plan Co.* v. *Barrett*, 272 Mass. 487. As the plaintiff did not serve the notice as provided by the statute, it was not entitled to the benefit given it because of the defendant's failure to answer within the ten days. It could not make use of its notice as an admission against the defendant that the sewer which caused the damage was clogged with dirt and other debris on the forenoon of October 13, 1927. (See now St. 1931, c. 83.)

The fact that witnesses for the plaintiff testified that the sewer was obstructed is not a reason for permitting the plaintiff to read the statement to the jury. The statute provides that, if the call is not answered within ten days, the truth of the fact or facts shall be held to be admitted. Without an answer to the call, the fact that the sewer was obstructed stood in effect, under the ruling of the judge, as an admission against the defendant, so that, while the jury may not have believed the testimony of the plaintiff's witnesses, the defendant was bound by the admission.

It has already been said that there is nothing in the bill of exceptions to show it contains all the material evidence; but allowing this statement of the condition of the sewer to stand was prejudicial to the defendant. It was an admission upon which the jury could have found that the plaintiff's damage was caused by the neglect of the city, and enough appears in the bill of exceptions, by this admission alone, to show that the city was negligent, even if all the material evidence does not appear in the record.

The defendant's exception to the introduction of this admission of facts is sustained.

*Exceptions sustained.*