MARGUERITE C. HARRINGTON *vs.* CENTRAL GREYHOUND
LINES, INC. OF NEW YORK.

Suffolk.    October 8, 1957. — December 4, 1957.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE, &
CUTTER, JJ.

*Negligence*, Motor vehicle.

Evidence of the circumstances in which the plaintiff's automobile, while
stopped in a line of traffic, was hit in its left rear by the defendant's
bus as it was moving in the same direction as the automobile in a line
of traffic to the left of the automobile warranted a finding of negli-
gence on the part of the bus operator in failing to allow enough clear-
ance in attempting to pass the automobile.

TORT.   Writ in the Superior Court dated October 2, 1953.
The action was tried before *MacIntosh,* J., a District
Court judge sitting under statutory authority.

*Edward F. Mahony,* *(Thomas H. Mahony & Barrett
Elkins* with him,) for the defendant.

*Reuben Goodman,* *(Joseph Kruger* with him,) for the
plaintiff.

WILLIAMS, J.   This is an action of tort to recover for
personal injuries and property damage resulting from a
collision of the defendant's bus with an automobile owned
and operated by the plaintiff.   A motion by the defendant
for directed verdicts was denied subject to its exception and
the jury returned verdicts for the plaintiff.   There was evi-
dence that at about 5:45 P.M. on June 29, 1953, she was
driving her two door sedan on Kneeland Street in Boston
from the direction of the South Station toward Washington
Street.   Traffic was heavy.   There was a line of parked
automobiles on the right of the line of traffic in which she
was proceeding.   On her left was another line moving in
the same direction as she.   All traffic stopped when the light
at Washington Street turned red.   As it changed again to

green both lines of traffic started ahead. The automobiles ahead of her "in her line . . . stopped and she stopped," but the line to her left kept going ahead. "[W]hile she was so stopped she was hit in the left rear of her car and she was jarred a little; . . . she heard the scraping of metal against metal and after that she saw the defendant's bus [not quite] parallel to her car in the rear." The bus then pulled ahead and stopped. A "strip of chrome had been ripped off the single door on the left side of her car from the back and there was a dent in the left rear bumper together with some scratches." The damage amounted to $10. The defendant agreed that its bus had collided with the plaintiff's automobile but rested at the conclusion of the plaintiff's case without offering evidence.

While it is said that the mere occurrence of a rear end collision of vehicles on a highway is no evidence of negligence (see *Reardon* v. *Boston Elevated Railway*, 247 Mass. 124, 126; *Washburn* v. *R. F. Owens Co.* 252 Mass. 47, 54–55) the circumstances of the collision may create a reasonable inference based on common experience that it would not have occurred if the operator of the colliding vehicle had been careful. *Cousins* v. *Cummings*, 332 Mass. 649, 650–651, and cases cited. *Hendler* v. *Coffey*, 278 Mass. 339, 340–341.

Here a finding was warranted that the driver of the bus was negligent in failing to allow enough clearance in attempting to pass the stationary automobile of the plaintiff on his right and that his negligence caused the bus to strike the plaintiff's automobile.

*Exceptions overruled.*