## Northern District

### No. 5881

**ROSEMARIE MEIGHAN**

**v.**

**FREDERICK T. ELLIOTT**

July 21, 1964

*Present*: Brooks, P. J., Eno & Connolly, JJ.

Case tried to *Troy, J.* in the First District Court of Essex. No. 8918.

*Connolly, J.* This action of tort for personal injuries arises out of an automobile accident. The defendant admits operation and ownership of his .car. The only paragraph of the defendant's answer material to this opinion is the one containing a general denial.

On *direct examination,* the plaintiff testified that she was the operator of a motor vehicle on West Neptune Street, in Lynn, Massachusetts, on January 30, 1961, at about 2:30 p.m.; that she came to a stop for about 5-10 seconds when she was struck in the rear; and that the road was clear.

On *cross examination* she testified that she had not seen the defendant's car at all before the accident and did not know its speed or how it was being driven; that she filed a police report in her own handwriting with the Lynn Police Department on the day of the accident; that she was not assisted in this

by her lawyer; and that she intended truthfully to report the details of the accident.

Counsel for the plaintiff agreed to the admission into evidence of the police report made out by his plaintiff and the facts recited therein.

The police report was admitted as an exhibit and is incorporated as an exhibit herein.

The police report made out by the plaintiff recites, among other things, that the weather was good and the "Road was ice", and further that plaintiff was "stopped in line of traffic and was hit from behind. And party had to jack up my car to release his. He skid on ice and could not prevent hitting me."

The plaintiff and defendant rested.

The defendant filed the following requests for rulings:

1. The mere happening of an accident is no evidence of negligence.
2. Skidding in itself is no evidence of negligence.
3. There is insufficient evidence to warrant a verdict for the plaintiff.
4. There is sufficient evidence to warrant a finding for the defendant.

The court allowed requests numbered 1 and 2, and denied number 3 with a further statement, "I find no negligence on part of plaintiff", and allowed number 4 as follows: "Allowed but I do not so find."

There was no error in the disposition of defendant's Request #4. The court having allowed it, the defendant is not aggrieved,

and such a ruling is not inconsistent with a finding for the plaintiff.

> "The denial of a request by a defendant for a ruling that the evidence warranted a finding for him is likely to constitute reversible error, except in an unusual case. Such a request, except in an unusual case, is likely to be a trap for the unwary rather than a method of preserving a right of review on questions of law. This trap can ordinarily be avoided more surely by granting the request than by a special finding or special findings of fact." *Hoffman v. Chelsea,* 315 Mass. 54 at 57.

(Earlier in the decision, an example of such an unusual case was given as one in which the testimony of the defendant, by which he is bound, requires a finding for the plaintiff).

Nor do we consider the trial judge as having been in error in denying the third request of the defendant.

■ While we agree that evidence of a rear-end collision without evidence of the circumstances is not proof of the negligence of the operator of either vehicle, slight evidence of the circumstances may place the fault. *Buda v. Foley,* 302 Mass. 411-412-413; *Mazukna v. Powers,* 333 Mass. 331; *Warren v. Howe,* 332 Mass. 213.

■ Here, the automobile of the plaintiff had stopped for an appreciable length of time in daylight on a clear road when the automobile of the defendant struck it *with such force* that it was necessary to jack up the plaintiff's car to disengage the vehicles.

In our opinion, this was enough to permit an inference of negligence. *Lech v. Escobar,* 318 Mass. 711 at 712. See also *Harrington v. Central Greyhound Lines, Inc. of New York,* 336 Mass. 436 wherein it was said "the circumstances of the collision may create a reasonable inference based on common experience that it would not have occurred if the operation of the colliding vehicle had been careful."

The statement in the police report of the plaintiff that "He skid on ice and could not prevent hitting me," is a conclusion which the plaintiff was free to abandon. The defendant rightfully does not argue that the plaintiff was bound by this statement or that it had any damaging effect on her case.

The trial judge, being justified in his finding for the plaintiff, there was no error in the denial of the defendant's third request.

There being no error, the *report is dismissed.*

Charles Cronis, of Lynn, for the Plaintiff.

Edward R. Butterworth, of Lynn, for the Defendant.