ROLAND DEUTSCH *vs.* WILLIAM N. ORMSBY & another.

Suffolk.   May 8, 1968. — June 13, 1968.

Present: WILKINS, C.J., SPALDING, CUTTER, SPIEGEL, & REARDON, JJ.

*Negligence,* Motor vehicle. *Practice, Civil,* Requests, rulings and instructions, Demand for admission of facts. *Agency,* Scope of authority or employment. *Identity. Notice.*

Evidence in an action of the circumstances in which the plaintiff's truck, while parked at the corner of two city streets on a clear day, was struck by the defendant's truck and was damaged on its left side warranted a finding of negligence on the part of the operator of the defendant's truck in failing to allow enough clearance in attempting to pass the plaintiff's truck. [486–487]

Where a judge hearing an action arising out of a collision between the plaintiff's truck and the defendant's truck operated by one in the defendant's general employ made no findings of fact and only a general finding for the plaintiff, and the evidence did not warrant a finding that the operator of the defendant's truck, which was not shown to have been registered in the defendant's name, was engaged on his business at the time of the collision, it was error to deny the defendant's requests for rulings that the plaintiff had the burden of proving that at the time of the collision the operator of the defendant's truck was acting on the defendant's business, that the plaintiff had failed to offer any such evidence, and that a finding for the defendant was required as matter of law. [487–488]

Evidence in an action showing at most identity of the name of the operator of a truck and the name of the defendant was not sufficient to prove that the defendant was the operator. [488–489]

The defendant in an action did not admit facts through his failure to answer a demand for the admission of facts filed by the plaintiff pursuant to G. L. c. 231, § 69, where it did not appear that the plaintiff requested a "return receipt" as required by § 69 to the notice of demand mailed to the defendant or that a return receipt was ever received or, if one was received, that it was filed in the clerk's office with the affidavit of giving of notice in conformity to § 69. [489–490]

TORT.   Writ in the Superior Court dated December 18, 1961.

The action was heard by *Smith,* J.

*Philip T. Corwin* for the defendant.

*Robert F. Murphy* for the plaintiff.

Deutsch *v.* Ormsby.

SPALDING, J. The declaration in this action of tort contains two counts. Both allege property damage to the plaintiff's automobile. One is against the defendant William N. Ormsby, alleging negligent operation of a motor vehicle by him, "his agents, servants or employees," on June 16, 1960. The other is against James Nigro, alleging negligent operation of the motor vehicle. The case was heard by a judge who made a general finding for the plaintiff on each count in the amount of $532. The defendants presented nine requests for rulings, all of which were denied, subject to the defendants' exceptions.

1. The defendants' seventh request asked for a ruling that the evidence was insufficient to prove negligence. This request was rightly denied. The evidence concerning the accident was as follows: The plaintiff testified that on June 16, 1960, he parked his motor vehicle (a refrigerator truck) on the corner of Dover and Washington streets in Boston; that he had just alighted from the truck when he observed a truck pull up in front of his truck, striking it; that the truck which drove up had the name "Ormsby Roofing Company" on it [1]; and that the left side of the plaintiff's truck "from the rear fender, the refrigerator door on the left, the fender, bumper and grille . . . [were] all broken." On cross-examination the plaintiff testified that he was on the right-hand side of the truck when the accident happened; that he did not see the accident; and that he knew how it happened "because he heard the noise as soon as he was on that side of the truck." Immediately after hearing the noise, the plaintiff observed the Ormsby truck pull in front of his truck and stop. When the plaintiff talked with the operator "he didn't deny that he had struck . . . [the plaintiff's] car." The accident occurred about 10 A.M. on a clear day.

The evidence was amply sufficient to justify a finding that the Ormsby truck collided with the plaintiff's truck. We reach this conclusion without reliance on the failure on

---

[1] There was evidence that the defendant Ormsby did business as an individual under the name Ormsby Roofing Company.

the part of the operator of the Ormsby truck to deny that it struck the plaintiff's truck. Since there is nothing to show what the plaintiff said to him, his failure to deny can hardly be treated as an admission by silence. We are of opinion that the circumstances of the accident were such as to justify a reasonable inference, based on common experience, that the operator of the Ormsby truck was negligent in failing to allow enough clearance in attempting to pass the plaintiff's stationary truck. The case resembles *Hendler* v. *Coffey,* 278 Mass. 339, and *Harrington* v. *Central Greyhound Lines, Inc.* 336 Mass. 436.

2. The liability of the defendant Ormsby was based on respondeat superior. His eighth request reads: "Even though the defendant, James Nigro, was in the general employment of the defendant, William N. Ormsby, the plaintiff has the burden of proof by a preponderance of the evidence to show that at the time of the alleged accident . . . James Nigro was acting on the business of the defendant, William N. Ormsby." The plaintiff concedes, as he must, that this request was "correct [as an] abstract proposition of law and may have been applicable to hypothetical facts which might have been found." See *Washburn* v. *R. F. Owens Co.* 252 Mass. 47, 53. He contends, however, that "it was properly refused since it was rendered immaterial by the finding of the trial judge as expressed by his denial of requests five, six and nine." These requests were to the effect that the plaintiff had failed to offer any evidence that at the time of the accident Nigro was on the business of the defendant William Ormsby and that a finding for Ormsby was required as matter of law.

Where a judge has made findings of fact which are warranted by the evidence such findings may justify the denial of a request on the ground that it is inapplicable even though it is correct as a proposition of law. *Cassiani* v. *Bellino,* 338 Mass. 765, 766. The cases relied on by the plaintiff (*Georgeopoulos* v. *Georgeopoulos,* 303 Mass. 231, and *Wilson* v. *Birkenbush,* 305 Mass. 173) are to this effect. But here there was only a general finding and there is nothing to

show whether the denial of the request was based on a mistake as to the law or upon the finding of other facts which would render the request inapplicable. See *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 210 Mass. 8, 18. The denial of the fifth, sixth and ninth requests cannot be construed as findings of other facts which would make the denial of the eighth request immaterial. But even if we were to construe the denial of the three requests as the equivalent of such findings, the findings would not have been warranted. The evidence would not warrant a finding that the operator of the Ormsby truck was engaged on his master's business at the time of the accident. Accordingly, it was error to deny the fifth, sixth and ninth requests.[2] The denial of the eighth request was likewise error.

3. The defendant Nigro contends that there was no evidence identifying him as the operator of the vehicle involved in the accident. This point was appropriately raised by his third request. The evidence on this issue was as follows: The defendant Ormsby had five trucks at the time of the accident. The operator of one of them was one James Nigro. The plaintiff testified that at the time of the accident the operator stated that his name was Nigro. A statement made after the accident by William N. Ormsby, Jr., son of the defendant Ormsby and general manager of the roofing company, was introduced in evidence in which he said that "Jerry Nigro" was employed by the roofing company on the day of the accident and that Nigro had reported to him on the following day that he had been involved in an accident on Dover Street on the preceding day with a company truck. This evidence was sufficient to establish that a person variously described as "Nigro," "Jerry Nigro" and "James Nigro" was the operator of the truck involved in the accident. But it was not sufficient to show

---

[2] The plaintiff is not aided by G. L. c. 231, § 85A, making proof of registration of a motor vehicle in the defendant as owner prima facie evidence that it was "then being operated by and under the control of a person for whose conduct the defendant was legally responsible." There was no evidence that the truck which struck the plaintiff's truck was registered in the name of Ormsby.

that the defendant Nigro was that person. The bald identity of name (and the evidence did not go beyond this) was not enough. *Hinds* v. *Bowen,* 268 Mass. 55, 58. *Herman* v. *Fine,* 314 Mass. 67, 68. *Lodge* v. *Congress Taxi Assn. Inc.* 340 Mass. 570. Compare *Ryan* v. *DiPaolo,* 313 Mass. 492, 494–495. To supply this insufficiency of proof the plaintiff relies on an admission by Nigro because of his failure to answer a demand for the admission of facts purportedly given under G. L. c. 231, § 69. One of the admissions sought by the demand was that on or about June 16, 1960, the defendant James Nigro while in the employment of the defendant William N. Ormsby was driving a truck which was involved in an accident with the plaintiff's truck near the corner of Dover and Washington streets, Boston. Clearly if these facts were admitted there would be sufficient evidence identifying Nigro as the operator of the truck involved in the accident. Under § 69, where a party fails to answer a demand to admit facts within the time prescribed (as was the case here) the "matters of which admission is demanded shall be deemed admitted."

Nigro takes the position that the plaintiff is not entitled to the benefits of § 69 because the demand was not made in compliance with that section. Section 69 provides that the notice of the demand be given to the other party or his attorney "by registered mail, *return receipt requested*" (emphasis supplied). It also provides, "An affidavit of such notice and the return receipt, if any, shall forthwith be filed in the clerk's office." It appears that the notice and accompanying affidavit of counsel were both filed on February 28, 1963. The affidavit states that "on the 27th day of February, 1963, [counsel] gave notice in writing to the defendant . . . that on said day this notice to admit facts had been filed" and that "[s]uch notice was given by mailing a letter certified mail, postage prepaid, containing a copy of said notice, addressed to Philip T. Corwin, 20 Pemberton Square, Boston." The affidavit is incorporated in the notice and purports to have been made on the same date the notice was mailed. It is to be noted that the affidavit fails

to specify that a return receipt was requested, as required by statute. Since the affidavit was made on the date of the mailing of the notice and filed the following day, the inference is inescapable that the procedure adopted did not contemplate a return receipt or that such a receipt would be filed forthwith with the affidavit, as required by the statute. At all events there is nothing in this record to indicate that a return receipt was ever received or filed.[3]

The failure of the plaintiff to show compliance with the provisions of § 69 relating to the giving of notice deprives him of the benefit of that section. This result, we think, is required by decisions of this court construing an earlier provision of § 69. *Boston Morris Plan Co.* v. *Barrett,* 272 Mass. 487, 491. *LaFrance Indus.* v. *Boston,* 276 Mass. 60, 62. Formerly § 69 required that a copy of the notice to admit facts be "served" on the other party or his attorney. In both of the cases cited the copy of the notice was sent by mail and it was held that the requirement that the notice be "served" was not satisfied by the mailing of the copy; hence the party giving the notice was not entitled to the benefit which would have accrued to him through the failure of the other party to answer the notice within the prescribed time.

Since the evidence fails to show that the defendant Nigro was the person who operated the truck involved in the accident, his third request ought to have been granted.

*Exceptions sustained.*

---

[3] General Laws c. 4, § 7, which governs the meaning of words in the construction of statutes, was amended by St. 1955, c. 683, which added the following: "Forty-fourth, 'Registered mail,' when used with reference to the sending of notice . . . shall include certified mail." Under the postal laws return receipts may be obtained in connection with certified mail upon the payment of an additional charge and such return receipts are to have the same standing as those issued in connection with registered mail. See 39 U. S. C. (1964) §§ 5010, 5013; 39 C. F. R. §§ 168.2, 168.3 (1967).