*Northern District*

## BLANCHE J. GREENLEAF

### v.

## ROBERT J. ALBANESE

Argued: July 24, 1968—Decided: Sept. 27, 1968.

*Present:* Brooks, P.J., Connolly, Parker, JJ.

Case tried to *Thomson, J.,* in the First Barnstable District Court No. 24334.

BROOKS, *P.J. This is an action in tort* for negligence in which plaintiff alleges that on or about October 3, 1965 defendant so negligently and unskillfully operated a motor vehicle on Rte. 125 in Plaistow, New Hampshire, that it was caused to collide with the motor vehicle in which plaintiff was riding and consequently sustained injuries and damage. The material portion of defendant's answer was general denial.

*There was testimony tending to show the following:*

On or about October 3, 1965 defendant was operating a motor vehicle on Rte. 125 in Plaistow, New Hampshire. According to his story, as he approached Wentworth Avenue proceed-

ing northerly, he first observed plaintiff's car
on his left about five feet out from Wentworth
Avenue moving across Rte. 125 from west to
east. He was then thirty-five to forty-five feet
from plaintiff's car. His view at that point had
been obstructed by vehicles traveling in the op-
posite direction from his own. "Defendant fur-
ther stated that he was one hundred feet from
the point of impact with the plaintiff's vehicle
and at that time some ten or more cars were
passing to his left, going in a southerly direc-
tion." When defendant first observed plain-
tiff's vehicle, he was traveling about thirty miles
per hour. He immediately applied brakes but
was unable to avoid contact. There were tire
marks thirty-five feet in length caused by de-
fendant's car.

Plaintiff operator testified that she stopped
for a stop sign prior to entering Rte. 125, that
she looked to her right and left, saw no vehicles
to her left but did see motor vehicles to her
right which were five hundred feet away on Rte.
125, the direction from which defendant was
approaching. She entered the intersection and
got "almost across the street" or at least half
way across the street when the impact occurred.
After observing motor vehicles to her right she
proceeded straight ahead, looking straight
ahead, and did not see defendant's car before
the impact.

Plaintiff operator was traveling on a Learn-
er's Permit under the direction of her grand-

mother, the plaintiff, who was a passenger in her car. Plaintiff's counsel agrees that if her operator was negligent, then that negligence is imputable to plaintiff.

Defendant filed three requests for ruling. #1 and 3 were allowed. Their purport was not disclosed. Request #2 was as follows:

"On the evidence the Court must find for the defendant."

The Court denied this request "as this is typical intersectional accident and is one of fact only."

The Court found the following facts:

"I find as a fact that the plaintiff operator was under the control and direction of the plaintiff at the time this accident occurred and that if there was contributory negligence on the part of the plaintiff operator, it would be imputable to the plaintiff. However, I find that the plaintiff operator and the plaintiff herself, acting in a director's capacity to her operator, exercised due care in attempting to cross this particular highway. I find as a fact that the defendant was negligent in not seeing the plaintiff car until it was considerably out into the highway and not more than thirty-five feet away from him. There was no credible evidence indicating that he could not sooner have seen the plaintiff car and thus avoid the accident.

"I find that the particular accident occurred by reason of the negligence of the defendant and that his negligence was the sole cause of the accident.

"I, therefore, find for the plaintiff on Count I of her declaration in the sum of Five Hundred and Four ($504.00) Dollars.

"I find for the plaintiff on Count 2 of the declaration in the sum of One Hundred and Thirty-Five ($135.00) Dollars."

Defendant claimed to be aggrieved by the denial of request #2.

It is argued by defendant's counsel that plaintiff operator was negligent and that defendant was not negligent. The judge has found specifically that plaintiff operator was not negligent and that defendant was negligent, and has denied defendant's request #2 which raised that issue. This request "in effect asked the judge to rule that he must find for the defendant as matter of law. Obviously if a finding for the plaintiff was permissible on any reasonable view of the evidence, including all rational inferences of which it was susceptible, the requests were rightly denied." *Bowers* v. *Hathaway,* 337 Mass. 88, 89.

Let us analyze the testimony to determine whether, as a matter of law, we are required to hold that on no reasonable view of the evidence could request #2 have been properly denied. Plaintiff testified that she stopped before entering Rte. 125, saw no cars to her left, but observed cars to her right (among which was defendant's car) five hundred feet away. That it to say, on plaintiff's story, defendant's car was visible to her at a distance of approxi-

mately five hundred feet. If that was the fact, plaintiff's car should have been visible to the defendant at the same time and distance. On that state of facts, defendant could reasonably have been found negligent in not stopping his own car before impact. Likewise, the finding of due care on plaintiff's part cannot be said to be plainly erroneous.

It is difficult to reconcile plaintiff's and defendant's testimony. Obviously the judge believed plaintiff's story in preference to defendant's. He was in the best position to evaluate plaintiff's and defendant's relative credibility. *Biancucci* v. *Nigro,* 247 Mass. 40, 44. *Weiner* v. *Egleston Amusement Co.,* 293 Mass. 83, 86. *Barttro* v. *Watertown Square Theatre, Inc.,* 309 Mass. 223, 224. There is nothing inherently incredible about plaintiff's version of the accident. Under all these circumstances, this Division is not in a position to hold that the trial court was plainly wrong in denying the defendant's request #2.

**Report dismissed.**

RICHARD O. JOHNSON
  for the Plaintiff

JOHN J. O'CALLAGAN
  for the defendant