*Municipal Court of the City of Boston*
No. 270949

## RHODE ISLAND HOSPITAL TRUST COMPANY

*v.*

## ROBERT W. CROWLEY AND PHILIP HAUGHEY, CO-EXECUTORS OF THE ESTATE OF GERALD M. McCARTHY

Argued: Feb. 18, 1972 - Decided: Mar. 8, 1972

*Present:* Lewiton, J. (Presiding); Canavan, Elam, JJ.

Case tried to *DeGuglielmo, J.,* in the Municipal Court of the City of Boston. No. 270949.

**Elam, J.** This is an action in contract on a written guaranty to recover money and interest due on three promissory notes.

*There was evidence that* on or about July 30, August 6 and October 10 in 1969, the plaintiff had loaned Sim-Con Inc., a Rhode Island Corporation, sums totalling $20,000, and the Sim-Con Inc. had given three promissory notes evidencing the loans. These three notes were guaranteed by a Gerald M. McCarthy. This action is brought against the executors of the estate of a Gerald M. McCarthy alleging that the maker of notes had defaulted on the same. The defendants' answer contained a general denial and payment in full.

At the trial the only testimony was by an officer of the plaintiff trust company who stated that the maker of the notes had defaulted, that he was familiar with the transaction and the signature of Gerald M. McCarthy. The three notes were introduced into evidence and the endorsement of a Gerald M. McCarthy appeared on the reverse side of each note.

At the close of the evidence the defendant requested that the court rule that the plaintiff had not sustained the burden of proving that Gerald M. McCarthy, defendants' testator, was the same Gerald M. McCarthy whose signature was on the notes declared upon. The court

denied all of defendants' requests for rulings. The court found for the plaintiff and, being aggrieved, the defendants bring this report.

The court erred in denying the requested ruling that there was no evidence to show that Gerald M. McCarthy, defendants' testator, is the same Gerald M. McCarthy who guaranteed the notes. Indeed, there was no evidence to show that the latter McCarthy had died. It would seem that the rule laid down in the case of *Herman* v. *Fine,* 314 Mass. 67, is clearly applicable here: "Bald identity of name without confirmatory facts or circumstances is insufficient to prove the identity of a person." *Deutsch* v. *Ormsby,* 354 Mass. 489. *Ryan* v. *DiPaolo,* 313 Mass. 492. *Hinds* v. *Bowen,* 268 Mass. 55.

The defendants' general denial made it incumbent on the plaintiff to prove every element of its case, including the fact that defendants' testator was the person who endorsed the notes in question. **Finding for the plaintiff vacated. Case remanded for a new trial.**

Louis Kobrin
   of Boston, for the Plaintiff

John P. Lebonis, Jr.
   of Brookline, for the Defendants