*Northern District*

No. 7745

**HENRY FERRARA**

v.

**ARTHUR GOLDBERG, d/b/a CAMBRIDGE TAXI COMPANY**
and
**CAMBRIDGE TAXI COMPANY**

Argued: May 18, 1972 - Decided: Aug. 24, 1972

*Present:* Durkin, J. (Presiding), Cowdrey, Mason, JJ.

Case tried to *Doyle, J.* in the Third Distict Court of Eastern Middlesex, No. 1352/1969.

**Durkin, J.** This is an action of tort on an amended declaration for personal injuries and property damage resulting from the negligent acts of the defendant Cambridge Taxi Company, its agent, servant or employee.

The defendants answered by way of general denial, contributory negligence, denial that the alleged injuries were caused by a person for whose conduct the defendant Cambridge Taxi Company was legally responsible and an allegation of violation of law on the part of the plaintiff.

At the trial the plaintiff testified concerning his injuries and medical attention, and there was conflicting evidence that as a result of the accident there was damage to the trunk, lights and rear bumper of his motor vehicle. He also testified that the damage to his automobile was $286.00 although in answer to an interrogatory he stated that his property damage was $86.54.

The plaintiff asked the operator of the defendant's vehicle, who was not a party defendant in the action: "What happened?"; and he replied, "I guess I wasn't paying attention to what I was doing."

There was a finding for the plaintiff against the defendant, Cambridge Taxi Company. The court warrantably made the following findings of fact:

"I find that at 7:30 p.m. on May 28, 1968, the

plaintiff brought his motor vehicle to a stop in a line of traffic on Mount Auburn Street, Cambridge; that while stopped, the plaintiff's vehicle was struck in the rear by a taxicab, bearing Massachusetts 1968 registration number 3176, as a result of the negligent operation of said taxi cab; that at the time of the accident, the said taxi cab was owned by the defendant, Cambridge Taxi Company, and operated by its employee in the scope of his employment as a taxicab driver; that by way of stipulation, a duly qualified officer of the defendant testified that he was informed that the defendant was the owner of a "Taxi 3176 Mass. 1968" registration, and that it was operated by the defendant's employee in the scope of his employment as a taxicab driver at the time it was involved in the accident in which the plaintiff claims to have been injured; that the defendant is legally responsible in damages to the plaintiff arising out of the operation of its taxicab as alleged in Counts 3 and 4 of the Plaintiff's Declaration in the amounts of $286.54 and $702.00 respectively.''

The defendant Cambridge Taxi Company filed seven requests for rulings, all of which were denied. It claims to be aggrieved by the denial of its requests numbered 1 and 6. Neither orally nor in its brief was argument directed by the defendant toward the denial of its requests 2, 3, 4 and 5. Not having been argued, we treat them as waived.

Request numbered 1 is as follows: "A finding for the defendant is required as a matter of law."

Request number 6 reads as follows: "The plaintiff having failed to sustain the burden of proving any negligence on the part of the defendant (such as speed, violation of a statute) and the mere happening or an accident is not evidence of negligence and, therefore, a finding for the defendant is required as a matter of law."

A request for ruling that a finding in favor of the defendant was required must be distinguished from a request that a finding was warranted. The request that a finding is required cannot be granted unless evidence by which the defendant was bound required such a finding. *Memishian* v. *Phipps,* 311 Mass. 521, 525.

A request that a trial judge must find for the requester is properly denied when a finding for the adverse party is permissible on any reasonable view of the entire evidence, including all rational inferences of which the evidence is susceptible. The judge has found specifically that the defendant operator was negligent and has denied the defendant's request number 1, which raised that issue. Request numbered one "in effect asked the judge to rule that he must find for the defendant as a matter of law. Obviously, if a finding for the plaintiff was permissible on any reasonable

view of the evidence, including all rational inferences of which it was susceptible, the request was rightly denied." *Bowers* v. *Hathaway,* 337 Mass. 88, 89. *Greenleaf* v. *Albanese,* 41 Mass. App. Dec., 107.

The disposition of the defendant's request number 1 was correct. The judge, on the evidence that was admitted without objection, found that the plaintiff's vehicle was struck in the rear as a result of the negligent operation of the defendant's taxi cab operated by its employee in the scope of his employment as a taxi cab driver.

The defendant argues that the statement of the driver of the corporate defendant's vehicle, a taxicab, is clearly incompetent and that the admission cannot be considered against the owner or principal unless it is shown that the agent or employee has express or implied authority to bind his principal. At this point we must concern ourselves as to whether the defendant objected to the admission by the operator of this evidence. From the report before us there is no mention of any objection being made by the defendant nor is there any reference to a claim of report made at this vital point in the trial.

Rule 27 of the District Courts (1965) reads as follows: "When the object is to the admission or exclusion of evidence, the claim for a report shall also be made at the time of the ruling and shall be reduced to writing in a

summary manner and filed with the clerk within five days after the hearing of all the evidence.'' That rule was not followed in this case (the docket fails to disclose the filing of any such writing); therefore, the matter is not before us and provides no ground for review.

The defendant argues that an admission of the driver cannot be considered or given weight as against the owner unless it is shown that the driver has the express or implied authority to bind his principal. This contention lacks merit; clearly the driver of the defendant's taxi was not acting within the scope of his authority when he stated, ''I guess I was not paying attention to what I was doing.'' The question to the driver and his answer could have been excluded upon proper objection. However, no objection having been made by the defendant, it is admissible against it on the question of negligence.

Rules of evidence exist for the security and benefit of the parties and may be waived by mutual consent. When a party neglects to object or waives objection to the admission of certain species of evidence as in this case, it ceases to be incompetent and the evidence is admissible and has full probative force. *Douglas* v. *Holyoke Machine Co.,* 233 Mass. 573. *O'Kane* v. *Travelers Ins. Co.,* 337 Mass. 182, 185. *Regan* v. *John J. Amara & Sons Co.,* 348 Mass. 734, 737.

 The mere happening of a rear-end col-

lision is not evidence of negligence, but slight evidence of the circumstances may place the fault. *Jennings* v. *Bragdon,* 289 Mass. 595, 597. *Lech* v. *Escobar,* 318 Mass. 711, 712. *Jordan* v. *MacMelville,* 342 Mass. 478, 480. *Hubbard* v. *Allwyn,* 200 Mass. 166, 174. *Meigham* v. *Elliott,* 29 Mass. App. Dec., 35. *Scott* v. *Lieberman,* 284 Mass. 325.

 The evidence given by the driver of the defendant's taxi was hearsay evidence; however, it being admitted without objection is competent "evidence", to be considered for what it is worth; its probative value depending upon what weight the judge gave it, and it further permits the rational inference that the operator of the taxi was not observing the conditions and the roadway in front of him when he had ample opportunity to do so and was, therefore, negligent in operating the taxi, for which negligence the defendant is liable.

. The judge's findings of fact are conclusive if there is any credible evidence to support them. *Glazier* v. *Andrews,* 349 Mass. 417, 419. *Scire* v. *Scire,* 348 Mass. 768.

 Regarding the amount of the plaintiff's property damage, where there is conflicting testimony in the case bearing on the amount of the property damage, it was for the judge in his capacity as trier of the facts to decide which of two contradictory portions of the plaintiff's testimony he would accept as true. *McClean* v.

*University Club*, 327 Mass. 68. *Kelly* v. *Railway Express Agency, Inc.*, 315 Mass. 301, 304.

We find no error in the trial judge's findings and rulings. **The report is ordered dismissed.**

JOSEPH J. PADELLARO

for Plaintiff

PHILIP T. CORWIN

for Defendant

*Western District*